Josephine T. Castle, as Administratrix of the Estate of Frank W. Castle, Deceased, Respondent-Appellant, v. North End Contracting Corp., Appellant, and Edward C. Smith, Respondent, et al., Defendant.

Third Department, March 20, 1964.

*Dugan, Casey, Burke & Lyons* (*Kenneth J. Dugan and Thomas W. Brown* of counsel), for appellant.

*Medwin, Tabner & Carlson* (*Nathan M. Medwin* and *Leslie F. Couch* of counsel), for respondent-appellant.

*Frank A. Pedlow* and *Frank A. Pedlow, Jr.,* for respondent.

*John W. Hacker, Corporation Counsel,* for City of Albany, defendant.

GIBSON, P. J. The appeals are from an order of the Supreme Court at Special Term which (1) granted plaintiff's motion to strike out as insufficient a defense under the Workmen's Com-

pensation Law interposed by the answer of defendant North End and (2) denied plaintiff's motion to strike out a similar defense interposed by the answer of defendant Smith.

The complaint alleges that, by reason of defendants' negligence, plaintiff's intestate, while in the performance of his duties as a police officer of the defendant city, sustained fatal injuries when struck by a grader, a licensed motor vehicle, owned by defendant North End and operated upon a public street by North End's employee, the defendant Smith, with North End's permission and consent and in its business of snow removal. Defendants North End and Smith are charged with Smith's negligent acts and omissions in the operation of the grader; and North End is charged, in addition, with negligence arising out of mechanical defects in the vehicle. The answer of defendant North End denies that Smith was its employee, but admits that the grader was operated by him with its permission, and asserts as a defense under subdivision 6 of section 29 of the Workmen's Compensation Law (providing that the "right to compensation or benefits * * * shall be the exclusive remedy * * * when [an] employee is injured or killed by the negligence or wrong of another in the same employ") that plaintiff's intestate and defendant Smith were fellow employees of defendant city and were engaged in the city's business of snow removal; and alleges that if plaintiff's intestate's injuries and death were caused by the negligence of anyone other than himself, such negligence was that of his fellow employee in the course of their common employment. The answer of defendant Smith is similar in form and substance.

The complaint charges North End (1) with negligence imputable to it, arising out of Smith's negligent operation, and (2) with additional and independent negligence in the maintenance and use of a mechanically defective vehicle. As against the imputed negligence and derivative liability imposed by statute (Vehicle and Traffic Law, § 388, subd. 1) the proffered defense was proper and should not have been stricken. The right to the defense is not restricted to employees and employers, as plaintiff mistakenly contends, but is available, in a proper case, to a third party, as well. Thus, in *Naso* v. *Lafata* (4 N Y 2d 585, mot. for rearg. den. 5 N Y 2d 861), and again in *Rauch* v. *Jones* (4 N Y 2d 592), the defense was properly interposed by a motor vehicle owner who was not the employer. In each case, liability was sought to be imposed upon the owner by reason of negligent operation by a driver who was not his employee but was the fellow employee of the plaintiff in another employ; and, insofar as vicarious responsibility is concerned, the same factual situa-

tion is presented by the pleadings to which we look upon this appeal, while giving full credence, as we must, to the allegations of the challenged defenses.

As was clearly stated in *Naso* (*supra*, p. 591), the defense must be made available to a third party because otherwise, in an appropriate case, the third party, when found vicariously liable, would be entitled to recovery over against the injured party's negligent coemployee, who would thus be deprived of the protection afforded him by subdivision 6 of section 29. That would be the result here were North End to be denied the defense in issue, should it be determined upon trial that decedent and Smith were coemployees of the city and should North End be found liable (by special verdict or otherwise) solely by reason of defendant Smith's negligence. (See *Caulfield* v. *Elmhurst Contr. Co.*, 268 App. Div. 661, 665, affd. 294 N. Y. 803, cited and approved in *Rauch* v. *Jones, supra*, p. 596; *Mitchell* v. *A. A. Truck Renting Corp.*, 9 A D 2d 682.) Thus, within the spirit of the statute and the intendment of the rule announced in the *Naso* and *Rauch* cases (*supra*), the defense must be made available to a third party in every situation which otherwise would permit of his recoupment from the successful party's fellow employee.

The court at Special Term mistakenly relied on the statement in *Strauf* v. *International Harvester Co.* (14 A D 2d 977, 978) that it was immaterial, in that case, that the negligence of a fellow employee was pleaded, "if, as the complaint alleges, the third party was also negligent." In that case, defendant was charged with direct and active negligence and no question of vicarious liability was presented. Here, that issue is basic and upon the trial the question whether North End's responsibility, if found, depends upon derivative liability or upon its independent negligence may be answered by specific findings. Neither in *Strauf* (*supra*) nor in the statement in *Caulfield* (*supra*, p. 665) that subdivision 6 applies "only where the negligence of a fellow employee was the sole proximate cause" nor in similar language in some of the other cases cited, do we find any intimation that a rule of pleading in such language was intended to be formulated, with the result that the draftsman of a complaint could bar the defense in advance by the simple expedient of alleging, in addition to vicarious liability, a charge of direct and independent negligence, with no intention and no means of proving it. The pleading and proof of negligence in both categories prejudices no one as long as specific findings are required of the trier of the facts. As was said in *Mitchell* (*supra*, p. 683): "Whether the defense will be effectual will

depend on the proof at the trial'', following which the court proceeded to discuss alternative findings open to decision.

Plaintiff seeks further to support her motion, as against each defendant moved against, by the contention that the defendant city (which, incidentally, interposes no defense under the Workmen's Compensation Law) is not required to afford compensation coverage to its employees generally or to police officers in particular; from which she argues that the statute (Workmen's Compensation Law, § 29, subd. 6), pursuant to which the defenses are pleaded, is inapplicable. Attaching verity, as we must, to the allegations of the defenses set up in North End's and Smith's answers, it must be assumed that, as there pleaded, plaintiff's intestate and defendant Smith were coemployees, engaged in the city's business of snow removal. '' Removal of * * * Snow '' is one of the enumerated hazardous employments (Workmen's Compensation Law, § 3, subd. 1, group 9) in which compensation shall be payable for injuries or death; and a city carrying on that employment is liable for such compensation (Workmen's Compensation Law, § 3, subd. 1, group 17) and on failing to secure compensation is deemed to be self-insured (Workmen's Compensation Law, § 50, subd. 4, par. a). Thus, plaintiff's argument is without merit.

We are unable to reach plaintiff's additional contention that the city is not required, in any event, to furnish workmen's compensation insurance coverage for police officers, since the allegations under attack in no way involve decedent as a police officer but aver merely that he '' was in the employ '' of the city, '' assigned to said snow removal operation '', and that he and his coemployee Smith were engaged therein in their common employment by the city. Similarly, since the defenses pleaded supply no legal basis for the conclusion, however likely, that decedent was engaged in police duties, we are unable to consider plaintiff's argument that police officers '' do not change their occupations as they render now this service and now that one in obedience to the call of duty '' and that the '' occupation remains single through all its multifarious incidents.'' (*Matter of Ryan* v. *City of New York*, 228 N. Y. 16, 19.)

It follows that the defense asserted by defendant North End and that of similar purport interposed by defendant Smith were properly and sufficiently pleaded.

The order should be modified so as to delete the provision thereof which granted plaintiff's motion to strike out the defense interposed by the answer of defendant North End Contracting Corp. and so as to deny such motion and, as so modified, affirmed.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Order modified so as to delete the provision thereof which granted plaintiff's motion to strike out the defense interposed by the answer of defendant North End Contracting Corp. and so as to deny such motion and, as so modified, affirmed, without costs.