■    JOHN MARLOWE et al., Plaintiffs, v. MICHAEL MOISE, INC., et al., Defendants. MICHAEL MOISE, INC., et al., Third-Party Plaintiffs-Respondents, v. COSMOPOLITAN MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant.— Order, Supreme Court, New York County, entered on January 7, 1972, denying third-party defendant's motion to dismiss the third-party complaint, unanimously reversed, on the law, and the third-party complaint dismissed. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Third-party defendant was the compensation carrier for the plaintiff under a policy expiring December 14, 1965. On January 26, 1966, Castrillon, an employee of plaintiff, was injured in an industrial accident and brought a proceeding before the Workmen's Compensation Board against plaintiff and third-party defendant as carrier. In that proceeding the board found that the policy which had expired December 14, 1965, had not been renewed and that plaintiff had no coverage. Plaintiff paid the award and brought this action against defendants, its brokers, alleging that the absence of coverage was due to defendants' negligence. Defendants served a third-party complaint alleging in the first cause of action that third-party defendant's policy had been renewed, and in the second cause of action that third-party defendant represented that the policy had been or would be renewed. Obviously the allegations of the first cause of action are directly contrary to the finding of the board, and no serious attempt was made to sustain this cause of action. Before the board the defendants and third-party plaintiffs appeared as witnesses for the main defendant there, plaintiff here, to sustain the contention that the policy had been renewed. The contention rested on a single telephone conversation among all three parties. The alleged statements of the

third-party defendant constituting both the agreement and the representations were the same. The board found the contentions of the alleged insured and its broker to be incredible, and hence there was no policy and no representation that there would be one. The third-party plaintiff is bound by this finding. Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.