JOHN BELLEFEUILLE, Respondent, v. CITY AND COUNTY SAVINGS BANK, Defendant and Third-Party Plaintiff-Appellant; ALL-BRITE WINDOW CLEANING AND BUILDING MAINTENANCE COMPANY, INC., Third-Party Defendant-Appellant; O'CONNELL AND ARONOWITZ et al., Third-Party Defendants-Respondents.

Third Department, January 31, 1974.

*Carter, Conboy, Bardwell & Case* (*James S. Carter* of counsel), for defendant and third-party plaintiff-appellant.

*Herbert Lasky* (*Raymond C. Green, Francis Hugh McDermott* and *Leonard M. Schnitzer* of counsel), for third-party defendant-appellant.

*Ainsworth, Sullivan, Tracy & Knauf* for O'Connell and Aronowitz, third-party defendants-respondents.

*E. Stewart Jones* for Martin Business Furniture, Inc., third-party defendant-respondent.

*Joseph P. Huberty* for respondent.

COOKE, J. These are appeals from an order of the Supreme Court at Trial Term, entered June 21, 1973 in Rensselaer County, which denied the motion of the third-party defendant, All-Brite Window Cleaning and Building Maintenance Company, Inc., for leave to serve an amended third-party answer and that of the defendant City and County Savings Bank for leave to serve an amended answer.

Plaintiff, a window washer employed by All-Brite Window Cleaning and Building Maintenance Company, Inc., commenced a negligence action against the City and County Savings Bank for damages for personal injuries sustained when he fell three stories at the bank's building during the course of his employ-

ment. City and County impleaded All-Brite, seeking indemnification or contribution, and also impleaded O'Connell and Aronowitz, the law firm which occupied the office from whose window plaintiff fell, and Martin Business Furniture, Inc., the furniture company which decorated the office.

The employer All-Brite moved for leave to amend its answer so as to set forth an answer to plaintiff's complaint including affirmative defenses based on the exclusive remedy provisions of section 11 and subdivision 6 of section 29 of the Workmen's Compensation Law. Defendant, City and County, also sought leave to assert the same basic defenses in its answer to plaintiff's complaint, in the event it was determined that such defenses as sought by All-Brite were permissible. Both applications were denied.

CPLR 1008 allows a third-party defendant, such as All-Brite, to assert against the plaintiff in his answer any defenses which a third-party plaintiff, such as City and County, has to plaintiff's claim. The issue, therefore, is whether a defense bottomed on said exclusive remedy provisions is available to defendant and third-party plaintiff City and County so that the third-party defendant All-Brite may assert it. Here, the third-party defendant seeks to plead these exclusive remedy provisions as a defense available to the defendant against the main claim and, since the defendant was not the employer, these defenses are not available to defendant and, consequently, not to All-Brite, the third-party defendant (Workmen's Compensation Law, § 11; *Dole* v. *Dow Chem. Co.,* 30 N Y 2d 143, 152).

All-Brite depends primarily on the decisions in *Naso* v. *Lafata* (4 N Y 2d 585, mot. for rearg. den. 5 N Y 2d 861), *Rauch* v. *Jones* (4 N Y 2d 592) and *Castle* v. *North End Contr. Corp.* (21 A D 2d 8), cases involving personal injuries to plaintiff or plaintiff's intestate caused by the negligence of a fellow employee in the operation of a motor vehicle. Relying on subdivision 6 of section 29 of the Workmen's Compensation Law, these decisions hold that workmen's compensation is the exclusive remedy of an employee or his representative injured or killed by the negligence of a fellow employee. That these holdings must be limited to their fact patterns, involving injuries or death caused by the negligence or wrong of coemployees, is obvious from said subdivision which reads: '' The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed *by the negligence or wrong of another in the same employ* '' (emphasis supplied).

Such limitation is also clear from *Naso* v. *Lafata* (*supra*, p. 591), where it was held: " It is also to be noted that the Legislature has made specific provision for a third-party suit by an employee or his dependents if the employee is injured or killed in the course of his employment *but only if he be injured or killed by the negligence of one not in the same employ* (Workmen's Compensation Law, § 29, subd. 1). This further demonstrates an intention on the part of the Legislature to limit an injured employee's remedy to workmen's compensation when injured in the course of his employment through the negligence or wrong of another in the same employ " (Workmen's Compensation Law, § 29, subd. 6). Likewise, it was stated in *Castle* v. *North End Contr. Corp.* (*supra*, p. 11): " As was clearly stated in *Naso* (*supra*, p. 591), the defense must be made available to a third party* because otherwise, in an appropriate case, the third party, when found vicariously liable, would be entitled to recovery over against the injured party's negligent coemployee, who would thus be deprived of the protection afforded him by subdivision 6 of section 29."

While *Naso*, *Rauch* and *Castle* are concerned with injuries caused by the negligence of fellow employees, All-Brite urges that, since subdivision 6 of section 29 of the Workmen's Compensation Law is available to nonemployer defendants as a defense when a fellow employee is an actual or potential third-party defendant, section 11 should be a valid plea for nonemployer defendants as a defense when the employer is a third-party defendant. These decisions do not extend so as to support said contention; furthermore, the argument is weakened by an analysis of *Castle*. There, the defense was held available to the nonemployer defendant regarding that part of the complaint based on defendant's vicarious liability as an owner under subdivision 1 of section 388 of the Vehicle and Traffic Law, not as to that grounded on independent negligence in the maintenance and use of a mechanically defective vehicle (*Castle* v. *North End Contr. Corp.*, *supra*, pp. 10, 11).

Third-party defendant All-Brite also seeks to assert in its answer a counterclaim against defendant City and County and a first cross claim against the law firm and furniture company, third-party defendants, for amounts paid or to be paid to plaintiff as workmen's compensation benefits by the State Insurance Fund, All-Brite's workmen's compensation insurer. Any lien established by subdivision 1 of section 29 has been or will be

---

* The term " third party " here refers to one not in the same employment family, as used in connection with the Workmen's Compensation Law.

created in favor of the State Insurance Fund as the entity that actually paid or will pay the compensation benefits. Since there are no allegations that All-Brite has paid or will pay any such amounts or that there has been any assignment by the carrier to the employer, said proposed counterclaim and first cross claim are defective.

To the extent that the proposed second cross claim of All-Brite against third-party defendants Martin Business Furniture, Inc. and O'Connell and Aronowitz seeks *Dole* apportionment, it should have been allowed.

The order should be modified, on the law, to the extent of granting leave to third-party defendant All-Brite Window Cleaning and Building Maintenance Company, Inc. to serve an amended answer setting forth the second proposed cross claim against third-party defendants Martin Business Furniture, Inc. and O'Connell and Aronowitz, within 10 days after service of a copy of the order to be entered hereon, and, except as so modified, affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, SWEENEY and KANE, JJ., concur.

Order modified, on the law, to the extent of granting leave to third-party defendant All-Brite Window Cleaning and Building Maintenance Company, Inc. to serve an amended answer setting forth the second proposed cross claim against third-party defendants Martin Business Furniture, Inc. and O'Connell and Aronowitz, within 10 days after service of a copy of the order to be entered hereon, and, except as so modified, affirmed, without costs.