ANTHONY DI BERNARDO, as Administrator of the Estate of CARLO A. DI BERNARDO, Deceased, Appellant, v JOHN D. HEIMROTH, Defendant and Third-Party Plaintiff-Respondent. EDWARD L. VAN KAMPEN et al., Individually and Doing Business as BARNWELL NURSING HOME, INC., Third-Party Defendants-Respondents.

Third Department, July 14, 1977

*Maurice T. O'Connell* for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore (Randall J. Ezick* of counsel), for defendant and third-party plaintiff-respondent.

*Donohue, Bohl, Clayton & Komar* for Clinton Steuerwald, third-party defendant-respondent.

*Carpenter & Keefe (Charles H. Carpenter* of counsel), for Edward L. Van Kampen, third-party defendant-respondent.

MAHONEY, J. On September 5, 1973 plaintiff's intestate was an employee of the third-party defendant Barnwell Nursing Home, Inc. The third-party defendant employer was using a truck rented from the defendant for the purpose of removing logs, brush and other debris from an area of its property it intended to pave over for parking. With the truck overloaded and with third-party defendant Van Kampen, a coemployee of plaintiff's intestate, driving, the deceased, who was riding on the load immediately to the rear and above the truck cab, was caused to fall to the roadway when the unsecured load shifted. He subsequently died from the injuries sustained. After issue was joined and a verified bill of particulars served upon defendant, the latter moved for summary judgment dismissing the complaint based on the affirmative defense set forth in defendant's answer that the accident and damages arose out of and in the course of plaintiff's intestate's employment while the vehicle owned by defendant was being operated by a coemployee of the deceased. This appeal ensued upon entry of Special Term's order granting defendant's motion.

In companion cases *(Naso v Lafata,* 4 NY2d 585; *Rauch v Jones,* 4 NY2d 592), the Court of Appeals has held that where, as here, the owner of a vehicle is subjected to derivative liability only by virtue of section 59 (now § 388) of the Vehicle and Traffic Law, such liability is precluded by operation of the Workmen's Compensation Law (Workmen's Compensation Law, § 29, subd 6) where the injured party is a passenger in a vehicle operated by a coemployee and the accident occurs in the course of their employment. This classic defense, available only when liability is sought to be vicariously attached to an absentee owner (Vehicle and Traffic Law, § 388) where injury is caused to one employee by the negligence of a coemployee while both were in the course of their business, is premised on the maxim that to hold otherwise would permit such owner to recover over against the injured party's negligent coemployee and thus thwart the legislative intent implicit in subdivision 6 of section 29 of the Workmen's Compensation Law *(Bellefuille v City & County Sav. Bank,* 43 AD2d 335; *Castle v North End Constr. Corp.,* 21 AD2d 8).

Although not argued or briefed, we feel constrained to comment that this salutary defense, under circumstances as herein, has lost none of its efficacy nor has it been eroded by *Dole v Dow Chem. Co.* (30 NY2d 143). *Kelly v Long Is. Light. Co.* (31 NY2d 25) made clear that while *Dole* created new rights among defendant tort-feasors, its effect on plaintiffs was indirect and did not create any new rights that had not existed before. (See Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3019, p 236.) A plaintiff is free to sue as many tort-feasors as he sees fit, subject, however, to any defense any one of such tort-feasors may have. Since an employee is precluded from maintaining an action against his employer (Workmen's Compensation Law, § 11) and is likewise barred when his damages were caused by a fellow employee while both were in the course of their employer's business (Workmen's Compensation Law, § 29, subd 6), then, under circumstances that make these sections available as affirmative defenses to a named defendant, as here, the plaintiff is unable to maintain his action. This is not to say that an employee can never reach his employer for *Dole* contribution. Subdivision 1 of section 29 of the Workmen's Compensation Law permits a third-party suit by an employee for damages in the course of his employment if said damages were caused by the acts of one not in the same employ. In such an action the named defendant, under appropriate circumstances, could bring a third-party action against plaintiff's employer *(Naso v Lafata, supra; Dole v Dow Chem. Co., supra)* and thus expose the employer to some degree of liability even though the injured employee cannot sue the third-party defendant *(Valentino v Thompson,* 41 NY2d 362).

Therefore, with respect to that aspect of plaintiff's intestate's complaint that alleges vicarious liability, the defense of subdivision 6 of section 29 of the Workmen's Compensation Law is absolute.

However, the statutory defense available to a nonemployer defendant when the plaintiff's damages were caused by a coemployee and the sole averment of the complaint is based on vicarious liability, is unavailable as a complete defense, where, as here, the complaint further alleges affirmative acts of negligence on the part of such defendant *(Castle v North End Constr. Corp., supra).* Therefore, to the extent that the complaint alleges that defendant's liability is premised on third-party defendant Van Kampen's conduct in operating the

vehicle, the affirmative defense of subdivision 6 of section 29 of the Workmen's Compensation Law is proper. However, as to those allegations of the complaint that charge defendant with additional and independent negligence in the maintenance and rental of a defective vehicle, the defense is not available.

The order should be modified, on the law, by reversing so much thereof as dismisses the complaint insofar as it states a cause of action based solely upon independent acts of negligence on the part of the defendant, and, as so modified, affirmed, with one bill of costs to plaintiff against defendants filing briefs.

KOREMAN, P. J., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Order modified, on the law, by reversing so much thereof as dismisses the complaint insofar as it states a cause of action based solely upon independent acts of negligence on the part of the defendant, and, as so modified, affirmed, with one bill of costs to plaintiff against defendants filing briefs.