## (December 23, 1977)

■ JOSEPH H. CONRAD, Appellant, v FLORENCE E. CONRAD, Respondent. —Motion by appellant for stay pending appeal denied, without costs. Cross motion by respondent for counsel fees on the appeal denied, without costs and without prejudice to renewal in the court of original instance (see, e.g., *Roscini v Roscini,* 45 AD2d 254, 257-258). Greenblott, J. P., Sweeney, Kane and Mahoney, JJ., concur.

## (December 27, 1977)

■ In the Matter of WILLIAM S. MCLAUGHLIN, Petitioner, v CHAIRMAN, WORKMEN'S COMPENSATION BOARD, et al., Respondents.—Petition, insofar as it seeks review and reversal of the board's determination dated August 14, 1974, denied, without costs. Petitioner's remedy as to this determination is to perfect his appeal in accordance with the provisions of section 23 of the Workmen's Compensation Law. The board, however, is directed to include in the certified record on appeal claimant's application for a shortened record list dated April 28, 1975, the application for rehearing based on newly discovered evidence dated July 9, 1975, the notice of hearing dated March 15, 1976, the transcript of the hearing held on April 21, 1976, the board's decision dated July 29, 1976 and the letter of the board secretary dated November 16, 1976. The exercise of the board's discretion in denying a rehearing is, of course, reviewable by this court (see, e.g., *Matter of Barrow v Loon Lake Hotel,* 3 AD2d 783) and such review may be had upon the appeal from the underlying board determination which disallowed the claim (cf. CPLR 5501, subd [a]; 5517, subd [b]). Pursuant to Rules of Practice, (22 NYCRR 800.12), the clerk of the court is directed to accept petitioner's record and brief provided they are filed and served on or before February 27, 1978. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALVARO MARIN, Petitioner, v EUGENE LE FEVRE, as Superintendent of the Clinton Correctional Facility, Respondent.—Application, pursuant to CPLR 7002 (subd [b], par 2) for writ of habeas corpus denied. Petitioner's contentions regarding the application of jail time credit to reduce his sentence are without merit (Penal Law, § 70.30, subd 3; Correction Law, § 212). Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.