■ ANTHONY DI BERNARDO, as Administrator of the Estate of CARLO A. DI BERNARDO, Deceased, Respondent, v JOHN D. HEIMROTH, Defendant and Third-Party Plaintiff-Respondent, and EDWARD L. VAN KAMPEN, Third-Party Defendant. CLINTON STEUERWALD, Individually and Doing Business as BARNWELL NURSING HOME, INC., Third-Party Defendants-Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 29, 1978 in Columbia County, which denied a motion for summary judgment dismissing the third-party plaintiff's complaint. This proceeding was before this court upon a prior appeal by the plaintiff, and the decision therein established that the plaintiff had pleaded a cause of action against defendant Heimroth for "negligence in the maintenance and rental of a defective vehicle" which was not subject to the defense of subdivision 6 of section 29 of the Workers' Compensation Law *(Di Bernardo v Heimroth,* 58 AD2d 344, 347). Following that decision, the employer, appellants, moved for summary judgment dismissing the third-party complaint of Heimroth. The issue presented to Special Term and again upon this appeal is whether or not an employer can be held liable to a third-party tort-feasor as a matter of law when the negligence of the employer would be barred by the Workers' Compensation Law as to any direct action by the employee against the employer. It is well established that an employer may not plead the Workers' Compensation Law as a complete defense when the primary action is against a third-party tort-feasor for his or its independent negligence *(Dole v Dow Chem. Co.,* 30 NY2d 143, 152; *Bellefeuille v City & County Sav. Bank,* 43 AD2d 335, 338). The contention that the holding in *Di Bernardo v Heimroth (supra)* established a basis for asserting the master-servant relationship as equivalent to the vicarious liability of an owner of a motor vehicle for the negligence of its operator is erroneous. The decision in the *Di Bernardo* case specifically noted that the employer could be exposed to contribution to a third-party tort-feasor and it is dispositive of this appeal. Order affirmed, with costs to the third-party plaintiff. Mahoney, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.