■ In the Matter of the Claim of KENNETH YOUNG, Appellant, v WESTERN ELECTRIC CO., INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 4, 1981. On this appeal, claimant states in his brief that on February 1, 1979 he was injured as a result of being pinned between two automobiles in the employer's parking area while helping two coemployees to start an automobile owned by one of the coemployees; that he filed a claim for compensation benefits on August 31, 1979; and that a personal injury action had been brought by him against his coemployees in connection with the February 1, 1979 accident, which action is now pending. At a hearing on his compensation claim held in February, 1980, no testimony was taken, although the referee was informed that a third-party action was pending. The referee, in his decision, stated "Accident notice and causal relationship established for left leg. Closed pending outcome of third party action." Claimant appealed this decision by a letter to the board from his attorney wherein it was stated that a serious question existed as to whether the accident arose out of and in the course of employment. It was requested in the letter that the finding establishing accident, notice and causal relationship be rescinded and the case closed pending outcome of the third-party action. Although a hearing was scheduled before the board on December 2, 1980, no testimony was taken thereat. In a decision filed February 4, 1981, the board affirmed the referee's decision and this appeal ensued. In a similar case, the Court of Appeals decided that the ultimate law question was whether the board acted arbitrarily in refusing claimant's request that a decision be withheld pending the outcome of a civil action (*Matter of Coe v House Inside,* 29 NY2d 241). More recently, however, the Court of Appeals has decided that where the question is whether the employee was injured in the course of his employment and its resolution hinges upon questions of fact or mixed questions of fact and law, the plaintiff may not choose the courts for the resolution of such issue but must resolve the claim before the Workers' Compensation Board (*O'Rourke v Long,* 41 NY2d 219). Consequently, it cannot be arbitrary for the board to deny the request to withhold determination pending the outcome of a civil action in a case such as that presented here since the question of whether claimant was in the course of his employment when injured must be decided in the first instance by the board, not the court before which the third-party action is pending. It is maintained by claimant that there is a lack of substantial evidence to support the board's finding that the accident arose out of and in the course of claimant's employment. On his appeal to the board, claimant notified the board that there was a serious question whether the accident did arise out of and in the course of employment and such notice was sufficient to apprise the board of this issue. No testimony was taken, however, as to this issue and it cannot be determined on the present record. Accordingly, the matter must be remitted to the board for further proceedings to develop the record as to this issue. Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.