BERNICE LISS et al., Respondents, v TRANS AUTO SYSTEMS, INC., et al., Appellants.

First Department, August 1, 1985

## APPEARANCES OF COUNSEL

*Gerald Richman* of counsel (*Abraham L. Shapiro* with him on the brief; *Shapiro, Shiff, Beilly, Rosenberg & Fox* and *Wollerstein & Futoran,* attorneys), for Trans Auto Systems, Inc., and another, appellants.

*Paul Kovner* of counsel (*Ginsberg & Caesar, P. C.,* attorneys), for Kenneth Fuld, appellant.

*Paul F. McAloon* of counsel (*Abraham Fuchsberg* with him on the brief; *Fuchsberg & Fuchsberg,* attorneys), for respondents.

## OPINION OF THE COURT

ELLERIN, J.

The facts giving rise to the instant action are essentially as stated in the dissent. The automobile in which plaintiff was a passenger on October 22, 1981 was owned by the defendant Holiday Auto Lease Ltd. (Holiday), was leased to plaintiff's employer, Major Watch Case Co. (Major) and was being operated at the time of the accident by defendant Kenneth Fuld, president of Major. (The defendant Trans Auto Systems, Inc., is a predecessor corporation of Holiday that had at some previous

time owned the vehicle and is, therefore, not seriously involved in the action.)

For some months following the accident plaintiff collected disability benefits from her employer and instituted this action in March 1982 against Fuld, the driver, and Holiday and Trans Auto, as the owners. In their answers defendants asserted the defense of workers' compensation and refused to pay no-fault benefits on that ground. This led to a preliminary workers' compensation hearing at which plaintiff and Mr. Fuld testified and at which the attorney assigned to Fuld by the liability carrier for the automobile actively participated. At the conclusion of that hearing, the workers' compensation judge rendered an opinion that there might be sufficient evidence to warrant a finding that this accident arose out of and in the course of employment and that "[u]pon the filing a formal claim * * * with Workers' Compensation Board, a full and complete hearing will be held * * * and a final determination will be made * * * as to whether or not the accident arose out of and in the course of employment". Pursuant to the recommendation of the judge at the preliminary hearing, plaintiff filed a claim in order to resolve the issue and a formal hearing was held on September 15, 1982. Both plaintiff and Mr. Fuld again testified. A synopsis of their testimony is set forth in the dissent. At the conclusion of the testimony, the workers' compensation judge found that the accident had not arisen out of and in the course of the plaintiff's employment.

The motion practice that followed in the court below, with defendants continuing to assert the defense of workers' compensation and plaintiff seeking to strike such defense, ultimately resulted in the *sua sponte* decision before us striking the defense on the ground that such defense is available only to the employer. While the rationale relied upon by Special Term was concededly in error (*Naso v Lafata*, 4 NY2d 585; *Rauch v Jones*, 4 NY2d 592), we believe that defense was properly stricken but for different reasons.

The crucial issue here is the effect that must be accorded the workers' compensation finding that the instant accident did not arise out of and in the course of plaintiff's employment. Or, phrased somewhat differently, is the court bound by such finding or may that issue be relitigated de novo in the judicial forum?

Defendants' position, adopted in the dissent, is that the workers' compensation finding has no application to them because they were not parties to the formal compensation proceeding

and therefore they are entitled to have a judicial determination on the issue of whether workers' compensation applies to this accident. We disagree.

Defendants and the dissent approach the issue from a traditional collateral estoppel vantage. Whatever the merits of that position may have been in the past, that posture is no longer viable in light of the Court of Appeals decision in *O'Rourke v Long* (41 NY2d 219) which posits exclusive jurisdiction in the Workers' Compensation Board on such issue. The court in *O'Rourke* made clear that where the availability of workers' compensation depends, as here, upon questions of fact, or mixed questions of fact and law, responsibility for determining such issue has legislatively been imposed upon the Workers' Compensation Board, and that the decision of the Board is final on all questions within its jurisdiction unless reversed or modified on appeal. The court also expressly noted that "[w]ith respect to a board determination that a particular injury was or was not sustained in the course of employment, the judicial appellate function is limited" (at p 227). This conclusion was presaged in the court's earlier decision in *Ogino v Black* (304 NY 872, 873-874) when it answered affirmatively the question: "Is the determination of the New York Workmen's Compensation Board to the effect that the accidental injury did not arise out of or in the course of plaintiff's employment binding on the courts of this State in an action for negligence based upon the same accident?"

The holding in *O'Rourke* (*supra*) vesting exclusive jurisdiction in the Compensation Board to determine the factual issues on which compensation depends would appear to be designed to afford some order and congruity in this area and to prevent the kinds of inconsistencies and anomalies that would ensue from permitting the same issue to be variously litigated by the Compensation Board and the courts. (*See, e.g.,* discussion in *Geller v Sherman,* 48 Misc 2d 1049, 1051-1052, *affd* 28 AD2d 959, *affd* 21 NY2d 976.) Thus, in the *O'Rourke* case itself, the court remitted the plaintiff to the Board for a determination on the issue of whether his accident arose in the course of his employment, observing that should such claim be rejected, plaintiff would then possess a tort action cognizable in the judicial forum.

The exclusive jurisdiction of the Workers' Compensation Board to determine the issue of whether or not a particular incident is within the course of employment has been reiterated and reaffirmed in numerous cases since its enunciation in *O'Rourke* (*supra*). (*See, e.g., Botwinick v Ogden,* 59 NY2d 909;

*O'Connor v Midiria,* 55 NY2d 538, 541; *Werner v State of New York,* 53 NY2d 346; *Matter of Young v Henry M. Young, Inc.,* 56 AD2d 941, 942; *Matter of Commissioner of Taxation & Fin. v Fisher,* 89 AD2d 664; *Orzechowski v Warner-Lambert Co.,* 92 AD2d 110; *Matter of Hartham v Fuller Co.,* 89 AD2d 720; *Matter of Young v Western Elec. Co.,* 85 AD2d 823.)

Particularly illuminating in demonstrating the impact of the rule enunciated in *O'Rourke v Long (supra)* upon a case such as this is the decision in *Gyory v Radgowski* (89 AD2d 867). In that case, as in the case before us, plaintiff was injured in a rented automobile driven by a coemployee, with the critical issue being whether the accident occurred in the course of plaintiff's employment. The action was instituted in 1973 (prior to the decision in *O'Rourke*) with defendants asserting, *inter alia,* the defense of workers' compensation. Special Term's refusal to dismiss that defense, on the ground that there were questions of fact as to whether workers' compensation was the exclusive remedy which required a determination by trial, was affirmed by the Appellate Division. After the trial was aborted in 1979, the case again came before the Appellate Division at which time that court retroactively applied the *O'Rourke* rule. In so doing, it stated (at p 869) that "the extent of the trial courts' jurisdiction to determine the applicability of workers' compensation depends upon whether the issue is one of fact, law or a mixed question of fact and law. *When the question is purely one of fact, the Workers' Compensation Board has exclusive jurisdiction"* (emphasis added). Because the various proceedings at Workers' Compensation had been frustrated by plaintiff's own intransigence so that no final determination on the "course of employment" issue had been made by Compensation, the Appellate Division referred the case back to the Workers' Compensation Board to hold a factual *hearing* upon which a determination could be made as to that issue. Significantly, the court concluded as follows (at p 869): "If the board should determine that the plaintiff husband was not in the course of his employment when the accident occurred, then the plaintiff's motion to strike the second affirmative defense [the compensation defense] * * * should be granted."

In the instant case, of course, that determination has already been made by the Workers' Compensation Board and it has neither been reversed nor modified. That another finder of fact might have reached a different conclusion is irrelevant since it is the Workers' Compensation Board determination that is controlling. Accordingly, since the body charged with responsibility for determining the applicability of workers' compensation to

this accident has found that it does not here apply, the affirmative defense of workers' compensation cannot stand and was, therefore, properly stricken in the court below.

While our affirmance is predicated upon the jurisdictional directive of the *O'Rourke* case (*supra*), we would note that the same result would ensue even under the rules of collateral estoppel relied upon in the dissent. The argument urged is that the defendants were not permitted to advance their contentions at the compensation hearing. In that record it is clear that defendant Holiday occupies a significantly different position than does defendant Fuld. Holiday, as a third-party owner-lessor of the vehicle, would have no independent right to assert the defense of workers' compensation since it occupies no employment relationship whatsoever vis-à-vis the plaintiff. Any right which it may have with respect to such defense is purely derivative by virtue of its relationship with the lessee-employer Major and with the driver-coemployee Fuld. Thus, if both Major and Fuld are estopped from asserting the workers' compensation defense, Holiday, as owner of the vehicle, is necessarily also estopped.

No question can be raised with respect to the employer Major since it was, in fact, a party to the compensation proceeding and it is clearly bound by the result under the authorities cited in the dissent. While defendant Fuld was not a named party in the compensation proceeding, he was the sole witness on behalf of Major, of which he is president, both at the preliminary hearing and at the formal hearing. A review of the testimony given at the formal hearing, both with respect to the defendant Fuld and the plaintiff Liss, indicates that the facts were fully presented on the issue involved and that Fuld testified on the relevant factors with vigorous self-interest. This court has previously held, under far less compelling circumstances, that a witness in a compensation hearing is bound by the findings made therein. (*Marlowe v Michael Moise, Inc.*, 40 AD2d 598; *cf. Clemens v Apple,* 65 NY2d 746.) Parenthetically, and perhaps ironically, the record indicates that Mrs. Liss testified far more favorably to the defendant at the formal hearing where the liability carrier's attorney was merely present, but did not participate, than when she was subject to cross-examination by defendants' counsel at the preliminary hearing and at her examination before trial in the court litigation.

Since both defendant Fuld and the employer Major would be held bound by the compensation finding that the accident did not arise out of and in the course of plaintiff's employment, and

would therefore be estopped under traditional rules of res judicata and collateral estoppel from asserting the workers' compensation defense, defendant Holiday (and Trans Auto, so long as it remains a party in the suit) whose right to assert that defense, at all, is purely derivative must similarly be held to be estopped.

To permit the defendant nonemployer owner of a vehicle, who initially caused plaintiff to file a claim in workers' compensation where it was denied, to continue to assert and litigate anew the compensation defense in this lawsuit, would not only subvert and frustrate the protections and salutary goals of both the Workers' Compensation Law and Vehicle and Traffic Law § 388, but would also be manifestly unjust.

It should be noted that, were we not affirming the dismissal of the workers' compensation defense in its entirety, we would, in any event, sustain dismissal of so much of the defense as is directed to the allegations in the complaint predicated upon defendant owner's independent negligence in the improper maintenance and rental of a mechanically defective vehicle which are separate and apart from its vicarious liability based upon the driver's negligence. (*See, Di Bernardo v Heimroth,* 58 AD2d 344; *Bellefeuille v City & County Sav. Bank,* 43 AD2d 335.)

Accordingly, the order of the Supreme Court, New York County (Arthur E. Blyn, J.), entered on October 19, 1984, which *sua sponte* dismissed the defendants' affirmative defense of workers' compensation should be affirmed without costs.

Asch, J. (dissenting). On October 22, 1981, defendant Kenneth Fuld, president of Major Watch Case Company (Major), was driving a car owned by the defendants, Trans Auto Systems, Inc., and Holiday Auto Lease Ltd. (Holiday), which had been leased to Major. With Fuld in the car was the plaintiff, Bernice Liss, an employee of Major, whom Fuld had picked up at her residence and was driving to work. While en route to work, Fuld apparently lost control of the automobile and struck a train pillar, and the plaintiff suffered a broken hip among other injuries.

This action was brought in March 1982. In their answers, the defendants asserted the affirmative defense of workers' compensation coverage. Thereafter, the defendants' liability carrier refused to pay no-fault benefits on the ground that the accident had arisen in the course of the plaintiff's employment. After a preliminary workers' compensation hearing was held on May 4, 1982, plaintiff filed a workers' compensation claim at the direction of the hearing judge. In September 1982, a hearing on the

issue was held. At that hearing the plaintiff, represented by the attorney in this action, and the defendant Fuld, represented by an attorney for Major's compensation carrier, both testified. Also present was an attorney from Eveready Insurance Company, the no-fault and liability carrier for defendants, who was allowed to observe the proceedings but not to participate therein.

The plaintiff testified that she was employed by Major for 35 years and that for approximately the past 20 of those years, she had been transported to work by Fuld 80 to 85% of the time. She stated that she still gets a lift to work from Fuld almost every day.

On cross-examination, she testified that she had no contract for anybody to take her to work, that she was carrying no work papers with her at the time of the accident and that Fuld would leave his residence and pick her up at her home on the way to work.

Fuld related that he was the president of Major and had been with that company for approximately 20 years. Approximately 18 years ago, he began to give the plaintiff a ride to work for the convenience of the company, that he drove her on a daily basis 98 to 99% of the time.

On September 17, 1982, the hearing judge, in a written decision, determined that the accident had not arisen out of and in the course of the employment. Accordingly, he closed the case.

In July of 1983, Fuld moved for summary judgment on the theory that the testimony adduced at the workers' compensation hearing and the examination before trial had demonstrated, as a matter of law, that the accident had occurred during the course of the plaintiff's employment. The motion was joined in by defendants Trans Auto and Holiday.

The plaintiffs cross-moved for an order striking the affirmative defense of workers' compensation. They argued that the decision of the workers' compensation law judge, which found that the accident was not work related, collaterally estopped the defendants from relitigating the issue.

Special Term denied both the motion and cross motion holding that the defendants, not being parties to the workers' compensation case, were not estopped from litigating the issue as to whether or not the accident occurred in the course of the plaintiff's employment, but that the employment question raised factual issues which required a full hearing and hence was not appropriate for summary judgment. No party to the action appealed this order.

Eight months later, the plaintiff moved to vacate the prior order on the ground "that the court was without subject matter jurisdiction to render that prior order" and for an order striking the affirmative defense or, alternatively, for an order, pursuant to CPLR 2221, granting leave to renew the plaintiff's motion to strike such defense on the ground that the Workers' Compensation Board had exclusive jurisdiction.

Special Term noted that the motion was nothing more than a motion to reargue and therefore untimely made. However, it *sua sponte,* in the interest of justice, recalled its prior decision, and dismissed the affirmative defense of workers' compensation on the stated ground that such defense would be relevant only if plaintiff were suing her employer, Major, and that since defendant Fuld was merely a fellow employee, the defense would not lie.

Plaintiffs concede that Special Term was in error in reaching this conclusion. Thus, where an employee is injured by a fellow employee in the course of their employment through the negligent use of a motor vehicle owned by another whose liability is derivative, workers' compensation is the exclusive remedy for the injured employee and the defense of workers' compensation is available to the owner of the vehicle (*see, Naso v Lafata,* 4 NY2d 585; *Rauch v Jones,* 4 NY2d 592).

The plaintiffs originally moved to dismiss the affirmative defense on the ground that the determination of the Workers' Compensation Board that the accident had not arisen in the course of employment was binding on the court in the absence of an appeal from such determination. On appeal, they assert their motion was one not to reargue the prior order, but one to vacate an order which the court did not have jurisdiction to render since the Workers' Compensation Board had primary and exclusive jurisdiction to determine whether the defense was applicable. This is merely a restatement of plaintiffs' original contention. It is an attempt to avoid the consequences of moving untimely for reargument. Thus, Special Term correctly held that the motion was one to reargue and as such was too late. It erred in not denying the motion outright because of the expiration of the time within which an appeal from the original order could be taken (*Matter of Huie* [*Furman*], 20 NY2d 568; *Henegar v Freudenheim,* 40 AD2d 825).

Even assuming that the court properly could consider the motion as one to vacate its prior order, Special Term was correct in its initial determination that defendants could not be collaterally estopped from contesting the Board's determination. In the

instant matter, defendants, the owners of the vehicle, and plaintiff's coemployee were not afforded an opportunity to be represented and heard. Eveready, the liability insurance carrier, had a representative at the hearing ready and willing to participate. He was prevented from so doing by the ruling of the board judge that the liability carrier had no standing. Thus, the only parties who participated were the plaintiff claimant, who was represented and questioned by her attorney in the third-party liability suit, and the employer by a representative of the workers' compensation carrier.

Defendant Fuld was a witness at the proceeding, not a party. Plaintiff and the workers' compensation carrier had the same interest at the hearing. The plaintiff wished to avoid the applicability of workers' compensation so as not to prejudice this third-party action, and the compensation carrier likewise was only interested in avoiding payment of compensation benefits. Thus, plaintiff was asked questions by her counsel and then examined in a cursory fashion by the attorney for the compensation carrier. After Mr. Fuld was questioned by plaintiff's counsel, the attorney for the compensation carrier declined to question him. Clearly, the defendants herein were not accorded a "full" and "fair" opportunity to contest the issue of whether the accident occurred in the course of plaintiff's employment (*see, Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65).

This court, in a similar situation in which the proceedings were nonadversarial and the only persons who "wanted the claims allowed * * * were not permitted to advance their contentions at the hearing" held that the Board's determination was therefore not binding on a defendant employer (*Pigott v Field,* 13 AD2d 350, 354).

It must also be emphasized that defendants had no standing to seek judicial review of the Board's determination.

Finally, although the majority asserts that the "Court of Appeals decision in *O'Rourke v Long* (41 NY2d 219) * * * posits exclusive jurisdiction in the Workers' Compensation Board" and predicates their affirmance "upon the jurisdictional directive of the *O'Rourke* case", the Court of Appeals noted in that case that "the board's determination with respect to this same factual question [as to whether an accident was within the scope of plaintiff's employment] *would be binding* on the court provided that an opportunity is afforded to the employer to be heard" (*O'Rourke v Long, supra,* at p 228, quoting *McMillan v Notre Dame Residence Club,* 33 Misc 2d 948, 950-951; emphasis in

original). Since there was no "opportunity * * * afforded to the employer to be heard" in this case the determination of the Board was not binding upon defendants.

KUPFERMAN, J. P., and KASSAL, J., concur with ELLERIN, J.; SULLIVAN and ASCH, JJ., dissent in an opinion by ASCH, J.

Order, Supreme Court, New York County, entered on October 19, 1984, affirmed, without costs and without disbursements.