*771 OPINION OF THE COURT
Anthony F. Shaheen, J.
The underlying claim here was a collection action wherein the plaintiff sought to collect for medical and surgical services rendered. The defendant answered with a general denial, and counterclaimed against the plaintiff, claiming that the plaintiff’s negligent and fraudulent testimony at his workers’ compensation hearing resulted in a denial of benefits and exposed him to personal liability for his medical costs. The plaintiff was granted summary judgment on his collection action, but the execution of said judgment was stayed pending the resolution of the counterclaims. The plaintiff now moves to dismiss the counterclaims, alleging that the mere expression of a medical opinion based on treatment, history and experience does not give rise to a cognizable claim for damages against the doctor. The court agrees and grants the plaintiff’s motion to dismiss the counterclaims herein.
By defendant’s own admission, the gravamen of his counterclaim is whether or not the plaintiff’s testimony, which was contrary to defendant’s testimony at the workers’ compensation hearing, was factually false. However, the law is well settled that all such questions of fact or witness credibility are within the exclusive jurisdiction of the Workers’ Compensation Board which is the sole and final judge for resolving whether the testimony of a particular witness is worthy of belief (Liss v Trans Auto Sys., 109 AD2d 430, 432-433; Matter of McCabe v Peconic Ambulance & Supplies, 101 AD2d 679, 680; Matter of Hartham v Fuller Co., 89 AD2d 720). If the defendant was dissatisfied with the outcome of his workers’ compensation claim, then his exclusive remedy was to perfect an appeal to the Appellate Division, Third Department, in accordance with Workers’ Compensation Law § 23 (Matter of Bock v Cooperman, 89 AD2d 539, affd 59 NY2d 776; Matter of McLaughlin v Chairman, Workers’ Compensation Bd., 60 AD2d 713). The Legislature has established his exclusive avenue for relief and he cannot contravene this statutory scheme by bringing counterclaims as he has done here.
Accordingly, the plaintiff’s motion for summary judgment is granted and the defendant’s counterclaims are dismissed for failure to state a cause of action. Being so dismissed, the prior stay of execution of plaintiff’s money judgment is vacated.