Chief Judge Conway.
Plaintiff brought this personal injury action against Salvatore Lafata, Jr., and Salvatore Lafata, Sr., for injuries sustained in an automobile accident, alleging that the automobile, in which plaintiff was a passenger, was owned by Lafata, Jr., and operated by Lafata, Sr., with the permission of Lafata, Jr. Defendants answered demanding a dismissal of the complaint upon the ground that the plaintiff’s only remedy under the circumstances was that provided for under the Workmen’s Compensation Law.
At the commencement of the trial the following matters were stipulated:
*588 (1) that when the accident occurred plaintiff was an employee of Lafata Construction Corporation;
(2) that at the time of the accident plaintiff, a passenger in an automobile owned by Lafata, Jr., president of Lafata Construction Corporation, was being driven home pursuant to the contract of employment calling for the employer to furnish transportation to and from work;
(3) that at the time of the accident Lafata, Sr., was a coemployee of plaintiff, and that the accident occurred while the plaintiff and his coemployee, the driver, were acting in the course of their employment;
(4) that the amount of the damages, if any, was $9,500.
At the end of plaintiff’s case, plaintiff stipulated that a claim was presented on plaintiff’s behalf for Avorkmen’s compensation benefits and an award was made and duly paid to him. Plaintiff also consented to the dismissal of the cause of action as to Lafata, Sr., upon the ground that his claim as to Lafata, Sr., Avas barred by section 29 of the Workmen’s Compensation Law due to the fact that the accident and consequent injury was caused by the negligence of a coemployee (Lafata, Sr.) at a time when both the injured employee and the employee causing the injury were acting in the course of their employment. Lafata, Jr., made a motion for the same relief but decision on that motion was reserved. After Lafata, Jr., had presented his evidence the case was submitted to the jury and the jury returned a unanimous verdict in favor of the plaintiff. Lafata, Jr., appealed to the Appellate Division, Second Department, from the judgment of the trial court. The Appellate Division affirmed, by a diAdded court, and the present appeal to this court by Lafata, Jr., is as of right (Civ. Prae. Act, § 588, subd. 1, par. [b], cl [i]).
The accident with which we are concerned took placed on September 12, 1952 on Northern Boulevard about 400 feet east of Summer Street, Great Neck, New York. The Lafata vehicle was traveling on the extreme right lane of the four-lane highway, on the concrete. Exactly Avhat happened is not free from doubt, but there is no doubt that the Lafata automobile collided Avith an automobile owned by one Boger Mullaney which was parked on a dirt shoulder about four or five feet from the traveled portion of the highway. The owner of the vehicle, Lafata, Jr., was *589 not present at the time and place of the collision. There were rival explanations as to why the vehicle left the road, but a review of the record satisfies us that it contains sufficient evidence to warrant a jury’s finding negligence on the part of the driver and freedom from contributory negligence on the part of the plaintiff. Accordingly, the only issue remaining is whether or not subdivision 6 of section 29 of the Workmen’s Compensation Law precludes plaintiff from maintaining an action, under section 59 of the Vehicle and Traffic Law, against the owner of a motor vehicle for personal injuries due to the negligent operation of the said motor vehicle by one other than the owner who, at the time of the accident, is a coemployee of the plaintiff passenger and while both the coemployee and the plaintiff passenger are acting in the course of their employment. In our judgment it does. Subdivision 6 of section 29 of the Workmen’s Compensation Law provides: “ 6. The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in the case of death his dependents, when such employee is injured or hilled by the negligence or wrong of another in the same employ.” (Emphasis supplied.)
Reading this action in conjunction with the other provisions of the Workmen’s Compensation Law, two elements emerge as necessary ingredients in order to bring into operation subdivision 6 of section 29. These two elements are: (1) that an employee be injured in the course of his employment; and (2) that his injury be the result of the negligence or wrong of a fellow employee. When these elements are present, subdivision 6 of section 29 of the Workmen’s Compensation Law makes workmen’s compensation the only remedy available to the injured employee. That such a result was intended by the Legislature is made manifest from the use of the expression “ exclusive remedy ”. No more unequivocal expression could have been used by the Legislature as indicative of an intendment on its part to limit to workmen’s compensation the recovery available to an employee injured under the circumstances enumerated above. Both sides ¿greed — indeed, it was so stipulated — that these elements are present in the case before us. However, plaintiff claimed that the present case is taken out of the operation of subdivision 6 of section 29 by virtue of section 59 of the Vehicle and Traffic Law. We cannot agree.
*590 The purpose motivating the passage of section 59 of the Vehicle and Traffic Law was to change the common-law rule by making the owner of an automobile liable for the negligence of a person legally operating the vehicle with the permission, express or implied, of the owner (Mills v. Gabriel, 259 App. Div. 60, 61, affd. 284 N. Y. 755). The liability of the owner in a section 59 situation is at best vicarious depending, as it does, not on any fault on the owner’s part but purely on the statute (Traub v. Dinzler, 309 N. Y. 395, 400; Gochee v. Wagner, 257 N. Y. 344, 347). Our court in the Traub case, recognizing that the negligence of an owner, sued under section 59 of the Vehicle and Traffic Law and not present in his automobile at the time of the accident, is, if negligence there be, merely passive, held that the owner could, under section 193-a of the Civil Practice Act, implead the actively negligent driver of the vehicle and obtain recovery over against him. (See, also, Gorham v. Arons, 282 App. Div. 147, affd. 306 N. Y. 782; Dittman v. Davis, 274 App. Div. 836, motion for leave to appeal denied 274 App. Div. 856, motion for leave to appeal denied 298 N. Y. 790, 791, affd. 299 N. Y. 601; Ann., 43 A. L. R. 2d 879).
Here, there is no disputing the fact that the accident and consequent injury to the plaintiff was due solely to the negligence of his fellow employee, Lafata, Sr. Lafata, Jr., the owner of the motor vehicle, did not in the least contribute to the accident and, indeed, was not even present at the time of its occurrence. To impose liability upon Lafata, Jr., by virtue of section 59 of the Vehicle and Traffic Law, would be to disregard an express legislative prohibition, viz., that the “ exclusive remedy ” of an employee injured in the course of his employment by the negligence of a fellow employee is workmen’s compensation (Workmen’s Compensation Law, § 29, subd. 6). Tt is not merely that the negligent employee is made immune from suit, but rather that the injured employee is precluded from proceeding in any manner other than under the Workmen’s Compensation Law. The reason for this complete prohibition becomes apparent when it is remembered that the owner of an automobile, held liable under section 59 of the Vehicle and Traffic Law for the negligence of one whom he has permitted to operate his vehicle, may have recovery over against the actively negligent operator (Tramb v. *591 Dinzler, supra; Gorham v. Arons, supra). Were we to allow plaintiff, under the present circumstances, to recover against the owner of the automobile, Lafata, Jr., then, under the rule set forth in the Traub and Gorham cases, Lafata, Jr., would be entitled to recovery over against plaintiff’s fellow employee, Lafata, Sr., the negligent operator of the vehicle. Under such a holding the fellow employee would be afforded less than complete protection, and the legislative purpose in adopting subdivision 6 of section 29 of the Workmen’s Compensation Law would, thereby, be thwarted. Thus the Legislature, with a view of freeing the fellow employee from liability under all circumstances, used the language it did and limited the injured employee’s, remedy to workmen’s compensation. It is true that in the case of Elfeld v. Burkham Auto Renting Co. (299 N. Y. 336) we did allow the estate of a decedent employee, whose death was the result of an accident caused by the negligence of a fellow employee, to recover against the owner of a motor vehicle. However, we had no occasion in that case to pass upon the applicability of subdivision 6 of section 29 of the Workmen’s Compensation Layr to such a situation since that question was not raised as a defense and, consequently, was, not before us on that; appeal. Clearly, therefore, the Elfeld case is not controlling in the present case nor is it germane to the issue confronting us here.
It is also to be noted that the Legislature has made specific provision for a third-party suit by an employee, or his dependents if th,e employee is injured or killed in the, course of his, employment but only if he be injured or hilled by the negligence of one not in the same employ (Workmen’s Compensation Law, § 29, subd. 1). This further demonstrates an intention on the part of the Legislature to limit an injured employee’s remedy to workmen’s compensation when injured in the. course of his employment through the negligence or wrong of another in the same employ (Workmen’s Compensation Law, § 29, subd. 6). Here, the sole proximate cause of plaintiff’s injury was the negligence of his. fellow employee, Lafata, Sr., so that the present case comes within the purview and prohibition of subdivision 6 of section 29 of the Workmen’s Compensation Law.
This court, has reached the same conclusion in the case of Rauch v. Jones (4 A D 2d 572, 4 N Y 2d 592), decided herewith.
*592 The judgment should be reversed, with costs in all courts, and the complaint dismissed.
Judges Desmond, Dye, Fuld, Fboessel, Van Voobhis and Bubke concur.
Judgment reversed, etc.