■ TERRI SAMBA, Individually and as Administratrix of the Estate of OUMAR SAMBA, Deceased, et al., Respondents, v JULIUS DELLIGARD, JR., et al., Defendants, and NICE JEWISH BOY, INC., Appellant.—In a negligence action to recover damages for wrongful death and personal injuries, defendant Nice Jewish Boy, Inc., appeals from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated February 28, 1984, as denied its motion to dismiss the complaint as to it, *inter alia*, pursuant to CPLR 3212, based on the defense of workers' compensation.

Order reversed, insofar as appealed from, on the law, with costs, and so much of defendant Nice Jewish Boy, Inc.'s motion is granted dismissing the complaint pursuant to CPLR 3212.

As determined by the Workers' Compensation Board, plaintiffs' decedents were killed as a result of injuries they sustained in an automobile accident which occurred during the course of their employment with defendant Nice Jewish Boy, Inc. That finding of accidental death is binding between the parties, not only because of Workers' Compensation Law § 23, but also due to settled principles of res judicata which apply to administrative hearings and determinations when the agency involved is acting, as does the Compensation Board, in a quasi-judicial capacity *(see, Werner v State of New York,* 53 NY2d 346). The Board also made awards to plaintiffs based on its findings. A decision by the Workers' Compensation Board that a claimant's injury was accidental, employment-related and compensable, or a claimant's receipt of workers' compensation benefits for the injury in question, is a sufficient basis to dismiss this action *(see, Cunningham v State of New York,* 60 NY2d 248; *see also, Samba v Delligard,* 116 AD2d 563). Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.