■ TERRI SAMBA, Individually and as Administratrix of the Estate of OUMAR SAMBA, Deceased, et al., Respondents, v JULIUS DELLIGARD, JR., et al., Defendants, and NICE JEWISH BOY, INC., Appellant.—In a negligence action to recover damages for wrongful death and personal injuries, defendant Nice Jewish Boy, Inc., appeals from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated February 28, 1984, as denied its motion to dismiss the complaint as to it, *inter alia,* pursuant to CPLR 3212, based on the defense of workers' compensation.

■ TERRI SAMBA, Individually and as Administratrix of the Estate of OUMAR SAMBA, Deceased, et al., Respondents, v JULIUS DELLIGARD, JR., et al., Appellants, et al., Defendants.— In a negligence action to recover damages for wrongful death and personal injuries, defendants Julius Delligard, Jr., and Mendon Leasing Corp. appeal from so much of an order of the Supreme Court, Kings County (Krausman, J.), dated February 28, 1984, as denied their motion to dismiss the complaint as to them, *inter alia,* pursuant to CPLR 3212, based on the defense of workers' compensation.

Order modified, on the law, by deleting therefrom the provision which denied that branch of the motion which was

to dismiss the complaint as against defendant Julius Delligard, Jr., and substituting therefor a provision granting that branch of the motion. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

The van in which plaintiffs' decedents were riding at the time of the fatal accident was leased by their employer from defendant Mendon Leasing Corp. and driven by a coemployee, Delligard. As to Delligard, the exclusive remedy provision of Workers' Compensation Law § 29 (6) precludes plaintiffs from proceeding in any manner other than under the Workers' Compensation Law *(see, Naso v Lafata,* 4 NY2d 585). As Mendon Leasing Corp. is neither an employer nor a coemployee of plaintiffs' decedents, it cannot obtain the benefits of the workers' compensation defense and may be liable for its negligent acts or omissions in connection with maintenance of the leased vehicle. We note, however, that Mendon Leasing Corp. may not be held *vicariously* liable as owner of the vehicle driven by Delligard, the coemployee of plaintiffs' decedents. "Inasmuch as the driver * * * is statutorily immune from suit, there can be no liability imputed to [the lessor] and no action can be sustained against it" *(Kenny v Bacolo,* 61 NY2d 642, 645; *see also, Naso v Lafata,* 4 NY2d 585, *supra; Samba v Delligard,* 116 AD2d 563). Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.