■ IGNAZIO TRIZZINO, Respondent, v MILDANK TAXI CORP., Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Mildank Taxi Corporation appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated February 3, 1986, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed as against the defendant Mildank Taxi Corporation (hereinafter the appellant).

The plaintiff was injured when a taxicab crashed into the wall of an office where the plaintiff worked as a cashier and dispatcher for a taxicab maintenance corporation. One of the plaintiff's coemployees, a mechanic, had placed the taxicab on a lift in order to inspect the taxicab's brakes. According to the coemployee, he put the vehicle in reverse and stepped on the gas in order to spin the wheels, when the taxicab left the lift and crashed into the plaintiff's office.

The plaintiff commenced an action against his employer, J & I Maintenance Corporation, his coemployee, and the appellant, the owner of the taxicab. The plaintiff's complaint, although alleging negligence on the part of his employer and coemployee, did not allege negligence on the part of the appellant. As a result of the accident, the plaintiff received workers' compensation benefits. A motion by the plaintiff's employer and coemployee for summary judgment dismissing the complaint as against them was granted by order dated August 23, 1984 (Morrison, J.), on the ground that the plain-

tiff's cause of action was statutorily barred by the Workers' Compensation Law.

The instant motion for summary judgment dismissing the complaint as against the appellant was denied on the ground that there was a question of fact as to the relationship between the defendant J & I Maintenance Corporation and the appellant, and therefore also a question of fact as to whether the plaintiff was an employee of both defendants. We reverse.

A review of the complaint reveals that the plaintiff has failed to plead any negligence on the part of the appellant. In the instant case, the plaintiff's coemployee, the driver of the vehicle, was statutorily immune from suit under the Workers' Compensation Law, and therefore the appellant may not be held *vicariously* liable as the owner of the vehicle *(see, Kenny v Bacolo,* 61 NY2d 642; *Linares v Spencer-Cameron Leasing Corp.,* 121 AD2d 606; *Samba v Delligard,* 116 AD2d 563).

Further, the court's reasoning that the appellant's motion for summary judgment should be denied because a question of fact exists as to the relationship between the defendant J & I Maintenance Corporation and the appellant is without merit. Even if it could be established that the plaintiff was also an employee of the appellant, the plaintiff's cause of action against the appellant would be barred under the Workers' Compensation Law because of the negligence of his coemployee. If it was established that there was no such relationship between J & I Maintenance Corporation and the appellant, the plaintiff's action against the appellant would be barred since the plaintiff failed to plead any negligence on the part of the appellant. Accordingly, the appellant's motion for summary judgment dismissing the complaint as against it should be granted. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.