■ EWIDBY ULYSSE et al., Respondents, v NELSK TAXI, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and JACQUELINE RESILARD, Respondent. PERFECT AUTO REPAIR Co., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, etc., the third-party defendant Perfect Auto Repair Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated July 23, 1986, as denied that branch of its motion which was for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiffs-respondents and the defendants third-party plaintiffs appearing separately and filing separate briefs, that branch of the motion which was for summary judgment dismissing the complaint and third-party complaint is granted, and the complaint and the third-party complaint are dismissed.

The plaintiff Ewidby Ulysse, employed by the third-party defendant Perfect Auto Repair Co. (hereinafter Perfect) as a mechanic's helper, was injured when Isaac Zubli (also a third-party defendant and the sole owner of Perfect Auto Repair Co.) and a mechanic employed by Perfect were repairing the taxi owned by the defendant Nelsk Taxi, Inc. At the time of the incident, the taxi's engine had been rebuilt, it had been removed from the chassis and dismantled, parts had been replaced and it had been reinstalled in the car. The carburetor was placed into the car and the plaintiff Ewidby Ulysse screwed it in. After an unsuccessful attempt to start the car by the "hot-wire" method, Zubli directed Mr. Ulysse to obtain a cup of gasoline. He then poured a portion of the cup of gas into the carburetor. Mr. Ulysse was standing next to Zubli on the driver's side of the car leaning over the engine while Zubli was attempting to pump start the carburetor when Zubli's hand caught fire from a spark from the carburetor. Zubli swung his burning hand in Mr. Ulysee's direction, and knocked the remaining cup of gas onto Mr. Ulysse's shirt, which thereupon caught on fire. As a result of the accident, Mr. Ulysse sustained second and third degree burns over most of his chest, stomach, back and right arm and hand.

The taxi had been left at the garage by the defendant Marc Resilard two weeks earlier because it would not start. On the day of the accident, Resilard had gone to the garage at 8:00 A.M. to pick the taxi up, but Zubli told him that the taxi was not ready and to return after lunch. Resilard had not left the

keys to the car with Zubli and apparently this was the reason that it had to be hot-wired to start it.

Mr. Ulysse received $21,558 as compensation for his injuries under the workers' compensation policy issued to Perfect. Thereafter, he and his wife initiated the instant action against the defendants alleging (1) that they had been negligent in allowing the taxi to become and to remain in such a state of disrepair, and (2) vicarious liability under Vehicle and Traffic Law § 388 (1) which imputes liability to the owner for the primary negligence of third parties in the use of automobiles.

The defendants thereupon impleaded the third-party defendants on the ground that they had been primarily negligent and that the defendants were entitled to contribution or indemnification from them for any judgment awarded to Mr. Ulysse.

In its answer, Perfect claimed that Mr. Ulysse had no cause of action because of the bar of the Workers' Compensation Law.

Thereafter, Perfect moved for summary judgment dismissing the plaintiffs' complaint and the defendant's third-party complaint. It claimed that it could not be held liable for the plaintiff's injuries because (1) the plaintiff could not prove that the defendants knew of but failed to disclose a defect in the taxi which rendered it unsafe, (2) the plaintiffs could not demonstrate that any alleged defect was the proximate cause of the accident, (3) it was not vicariously responsible for the actions which caused the accident, namely, the pouring of gasoline into the carburetor, because it could not have reasonably foreseen the actions of Zubli which led to the accident, and (4) it was immune from liability under the Workers' Compensation Law.

The Supreme Court denied the motion for summary judgment. It determined that, since Resilard had not left the keys to the cab at the repair shop, a jury could find that it was foreseeable that the car would backfire when the mechanic employed by Perfect attempted to hot-wire the vehicle and that someone would be injured as a result thereof.

We reverse. Pursuant to this court's power under CPLR 3212 (b) to search the record and grant summary judgment to any party and in view of the fact that notice has been given to the plaintiffs by the motion papers, we find that the claim against the defendants by the plaintiffs based upon the failure of the defendant Marc Resilard to leave the keys to the taxi at the repair shop must be dismissed as a matter of law. The

plaintiffs have failed to demonstrate that it was reasonably foreseeable that such a failure would result in the accident which caused the injuries to the plaintiff Ewidby Ulysse. We conclude that there is no reasonable view of the facts to support a finding that the failure to leave the keys was a substantial factor in causing the accident.

Furthermore, the other claims against the defendants also fail to state a cause of action. Firstly, inasmuch as no evidence was proffered to demonstrate that the car had a defect of which the defendants should have known and which had created an unreasonably dangerous condition, this claim must be dismissed. Secondly, the defendants may not be held vicariously liable under Vehicle and Traffic Law § 388 (1). In view of the coemployee mechanic's immunity from suit under the Workers' Compensation Law, "there can be no liability imputed to [the owner of the automobile] and no action can be sustained against it" *(see, Kenny v Bacolo,* 61 NY2d 642, 645; *see, Samba v Delligard,* 116 AD2d 563, 564; *see also, Naso v Lafata,* 4 NY2d 585, *rearg denied* 5 NY2d 861; *see also, Rauch v Jones,* 4 NY2d 592).

Finally, we note that the dismissal of the third-party complaint is mandated in light of our determination that the complaint against the prime defendants must be dismissed. Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.