■ MANGREE JAGLALL et al., Respondents, v SUPREME PETROLEUM CO. OF NEW JERSEY, INC., Doing Business as DOWNS AUTO LEASE RENTAL, Appellant. (And a Third-Party Action.)— In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme

Court, Queens County (Hentel, J.), dated April 24, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Mangree Jaglall was injured on October 19, 1986, when the van in which she was riding left the road and struck a utility pole. No other vehicle was involved in the accident. The van was driven by the injured plaintiff's coworker and was leased in July 1986 by their employer from the defendant for a three-year period. The injured plaintiff filed a claim for benefits under the Workers' Compensation Law and commenced this action solely against the defendant for damages due to the "negligence, culpable conduct, carelessness and recklessness of the defendant in the ownership, management, and maintenance" of the vehicle. The defendant moved for summary judgment dismissing the complaint on the ground that benefits under the Workers' Compensation Law were the plaintiff's exclusive remedy. We conclude that the court erred in denying the defendant's motion.

The injured plaintiff cannot recover against the driver, her coworker, because of the exclusive remedy provision of the Workers' Compensation Law (see, Naso v Lafata, 4 NY2d 585). Since the driver is statutorily immune from suit, the defendant may not be held vicariously liable as the owner of the vehicle (see, Kenny v Bacolo, 61 NY2d 642; Ulysse v Nelsk Taxi, 135 AD2d 528; Trizzino v Mildank Taxi Corp., 128 AD2d 607; Samba v Delligard, 116 AD2d 563). The plaintiffs contend that they are not seeking to hold the defendant liable for the negligence of the driver but for its own negligence in connection with the maintenance and repair of the vehicle (see, Samba v Delligard, supra; see also, Naso v Lafata, supra). However, the lease between the defendant and the injured plaintiff's employer provided that the employer was responsible for maintenance and repair of the vehicle. In view of the evidence presented by the defendant in support of its motion for summary judgment, which included the lease, the plaintiffs were required to produce " 'evidentiary proof in admissible form sufficient to require a trial of material questions of fact' " or to demonstrate an acceptable excuse for failing to do so (Zuckerman v City of New York, 49 NY2d 557, 562). The injured plaintiff offered only the bare assertion in her bill of particulars that the accident was attributable to the defendant's negligent inspection, maintenance, and repair of the vehicle and the statement from her deposition that the driver

told her prior to the accident that "the vehicle was not holding good" and "the vehicle is no good". We conclude that this was insufficient to defeat the defendant's motion, and the complaint should be dismissed *(see, Zuckerman v City of New York, supra; Ulysse v Nelsk Taxi, supra)*. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.