[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, James DiLeonardo, has filed a complaint against defendants Frank Brownell and William Brownell alleging that he was a passenger in a vehicle operated by defendant William Brownell and owned by defendant Frank Brownell which was in collision with another vehicle. The collision and resulting injuries to the plaintiff are alleged to have been caused by the negligence of the operator William Brownell.
The basis of the claim against Frank Brownell is that he is alleged to be the principal of William and therefore he is claimed to be vicariously liable for his agent's negligence.
The defendants have filed an answer and two special defenses with the first special defense asserting that the plaintiff's claim is barred by the provisions of General Statutes 31-284. Defendants' second special defense asserts an entitlement to collateral source reductions in the event plaintiff is awarded damages for personal injuries.
On December 4, 1992, both defendants filed a motion for summary judgment with respect to their first special defense. This court, Hadden, J., granted William Brownell's motion for summary judgment on the ground that an employer-employee relationship existed between that defendant and plaintiff, that "there is no genuine issue of fact relative to the first special defense as it is pleaded by that defendant," and therefore, that William Brownell has immunity for this suit. DiLeonardo v. Brownell, Superior Court, judicial district of New Haven, Docket No. 29 84 34 (February 17, 1993, Hadden, J.). However, the court denied Frank Brownell's motion for summary judgment, noting that there was nothing in the parties' memoranda, affidavits or deposition testimony to suggest that Frank Brownell was the plaintiff's employer.
On March 24, 1993, Frank Brownell filed a motion for reconsideration of the court's denial of his summary judgment motion, asking the court to consider his claim that since the court has found that the driver William is immune from suit because of the provisions of the Worker's Compensation Act, that that immunity should be imputed to Frank as the alleged principal of William, CT Page 10931 thereby barring this suit as against him as well as against the driver. The court granted reargument on this issue and each party has submitted an appropriate memorandum.
This court has already found in this case that the plaintiff was an employee of the driver William Brownell, that his injuries arose out of and during the course of his employment, and therefore, that the defendant William is immune from this suit pursuant to the Worker's Compensation Act, Section 31-284. The issue now before the court is whether that immunity is to be imputed to owner-Frank Brownell in a case where his liability is premised solely on the fact that the operator of the car is alleged to be his agent. It appears that there is no Connecticut authority specifically on point.
The allegation directed against Frank Brownell is that the plaintiff was a passenger in a truck owned by Frank and being operated by William "who operated said vehicle with the consent and knowledge and as the agent, servant and/or employee of the defendant Frank Brownell." The pleadings and documents filed in connection with the motion for summary judgment do not disclose the basis for the claim that William was acting as the agent of Frank.
The defendant Frank Brownell has cited cases from New York and Florida in support of his claim that the worker's compensation immunity which a driver has as against a passenger should be imputed to the owner of the vehicle who is not charged with any active negligence. The plaintiff relies on cases from Michigan, Arizona and Nevada in urging that such immunity should not be imputed. The court does not find the cases cited by the plaintiff to be persuasive. As indicated in the plaintiff's memorandum these cases deal with leased vehicles or equipment. In addition, some of the cases deal with claims of dangerous instrumentalities.
The New York cases cited by the defendant Frank Brownell deal directly with the issue as it has been presented in this case. The pertinent Worker's Compensation statutes in Connecticut are similar to those statutes in New York.
 The injured plaintiff cannot recover against the driver, her coworker, because of the exclusive remedy provision of the Workers' Compensation Law (see, Naso v. Lafata, 4 N.Y.2d 585, 176 N.Y.S.2d 622, 152 N.E.2d 59). Since the driver is statutorily immune from CT Page 10932 suit, the defendant may not be held vicariously liable as the owner of the vehicle (see, Kenny v. Bacolo, 61 N.Y.2d 642, 472 N.E.2d 219; Ulysse v. Nelsk Taxi, 135 App.Div.2d 528,522 N.Y.S.2d 162; Trizzino v. Mildank Taxi Corp., 128 App.Div.2d 607, 512 N.Y.S.2d 864; Samba v. Delligard, 116 App.Div.2d 563, 497 N.Y.S.2d 419).
Jaglall v. Supreme Petro. of N.J., 587 N.Y.S.2d 413 (A.D. 2 Dept. 1992).
 Were we to allow plaintiff, under the present circumstances, to recover against the downer of the automobile, Lafata, Jr. then, under the rule set forth in the Traub and Gorham cases, Lafata, Jr., would be entitled to recovery over against plaintiff's fellow employee, Lafata, Sr., the negligent operator of the vehicle. Under such a holding the fellow employee would be afforded less than complete protection, and the legislative purpose in adopting subdivision 6 of section 29 of the Workmen's Compensation Law would, thereby, be thwarted.
Naso v. Lafata, 152 N.E.2d 59.
The court is of the opinion that the immunity from suit given to the operator-employer of the plaintiff should be imputed to the owner of the vehicle when that owner's liability is premised solely on the operator's negligence.
An additional reason for granting defendant Frank Brownell's motion for summary judgment is that the revised complaint alleges an agency and/or employee relationship as between the owner of the vehicle, Frank Brownell, and the operator, William Brownell. This court has already found that William was the employer of the plaintiff who was engaged in the employment at the time of the accident. It would seem to follow that if the operator-employer, while conducting his business activity, was at that time the agent of the owner or the employee of the owner, then the passenger-employee must also be an employee of the owner, thus entitling the owner to assert the Worker's Compensation Act as a defense available to him on his own behalf. CT Page 10933
For the foregoing reasons, the motion for summary judgment (#147), is granted in favor of the defendant Frank Brownell.
G. Charlesworth for plaintiff.
Delsole Delsole for defendants.