■ JOHN GREEN, Respondent-Appellant, v PAUL I. HESLINK, Appellant-Respondent, and THEODORE W. MATHEWS et al., Respondents. [623 NYS2d 684] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We conclude that Supreme Court properly set aside the verdict of no cause for action and granted partial judgment against defendant Paul I. Heslink on the issue of liability notwithstanding the verdict. As a matter of law, the cattle trailer was a trailer under Vehicle and Traffic Law § 156 and was required to have operational directional signals.

We further conclude that the court should have granted partial judgment against the remaining defendants on the issue of liability notwithstanding the verdict. Because Heslink was acting in furtherance of the partnership business at the time of the accident, his partner and the partnership itself are liable as well *(see,* Partnership Law §§ 24, 26; *Pedersen v Manitowoc Co.,* 25 NY2d 412, 419; *Caplan v Caplan,* 268 NY 445). (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Set Aside Verdict.) Present—Pine, J. P., Fallon, Wesley, Callahan and Davis, JJ.

■ JOHN OLEWNIK, Appellant, v BENJAMIN BERNSTEIN, Respondent. [623 NYS2d 437] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion to amend the answer and for summary judgment dismissing the complaint pursuant to CPLR 3211 (a) (5), based on the amended answer. Defendant's motion was brought almost four years after commencement of the action. We conclude, under the circumstances, that granting the motion to amend the answer was an abuse of discretion *(see,* CPLR 3025). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Amend Answer.) Present—Pine, J. P., Fallon, Wesley, Callahan and Davis, JJ.