■ DEMAR R. MOELLER, Appellant, v ASTOR CHOCOLATE CORP., Respondent. [625 NYS2d 238] —In an action to recover damages for breach of contract, the plaintiff appeals, from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated August 27, 1993, as denied his motion for summary judgment and granted the branch of the defendant's cross motion which was for leave to amend its answer.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the branch of the defendant's cross motion which was for leave to amend its answer and substituting therefor a provision denying that branch of the defendant's cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant waited until the eve of trial to move for leave to amend its answer to assert a new defense. The defense—that in May 1988 the parties entered into a second agreement pursuant to which the plaintiff was employed on a weekly basis and could be fired at any time thereafter—was clearly distinct and separate from the sole defense contained in the defendant's original answer. Where as here, the defendant's motion is devoid of any evidence supporting the merits of the defense (e.g., a copy of the alleged second contract) where there was a delay in seeking to amend the answer until the eve of trial, and where prejudice to the plaintiff occurs as a result of defendant's delay, it was an improvident exercise of the court's discretion to grant the defendant's motion for leave to amend its answer (see, Murray v City of New York, 43 NY2d 400; Balport Constr. Co. v New York Tel. Co., 134 AD2d 309; Lovette v Glassman, 34 AD2d 769; De Fabio v Nadler Rental Serv., 27 AD2d 931).

We conclude, however, that the plaintiff's motion for summary judgment in his favor was properly denied since triable issues of fact exist, including whether the plaintiff's termination from his employment was without cause (CPLR 3212). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.