■ ANNELIESE CARUSO, Respondent, v ANPRO, LTD., et al., Appellants, et al., Defendants. [627 NYS2d 72] —In an action to foreclose a mortgage, the defendants, Anpro, Ltd. and Marguerite Provenzano appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated September 24, 1993, as denied their cross motion for leave to amend their answers so as to assert certain counterclaims, and granted that branch of the plaintiff's motion which was to dismiss their first, second, and fourth affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

While leave to amend a pleading should be freely given (CPLR 3025 [b]), the decision whether to grant such leave is within the court's sound discretion, to be determined on a case-by-case basis *(see, Mayers v D'Agostino,* 58 NY2d 696). In exercising its discretion, the court will consider how long the amending party was aware of the facts upon which the motion was predicated, and whether a reasonable excuse for the delay is offered *(see, Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557).

By order dated April 23, 1991, the court directed the defendant Provenzano to file her answer, defenses, and counterclaims within 20 days of service of the order, and directed the

defendant Anpro, Ltd. to renew its motion to amend its answer upon obtaining new counsel.

The appellants failed to offer a reasonable excuse for their two-year delay in complying with that order. Moreover, it clear from this record that the appellants were aware of the facts upon which their proposed counterclaims were based, at least as early as October 1990. Accordingly, we conclude that the court did not improvidently exercise its discretion in denying their motion for leave to amend *(Pellegrino v New York City Tr. Auth., supra)*.

The appellants' remaining contention is without merit. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.