■ ABRAHAM BRANCH, Respondent, v ABRAHAM AND STRAUSS DEPARTMENT STORE, Appellant, et al., Defendants. [632 NYS2d

168] —In an action, *inter alia,* to recover damages for assault, malicious prosecution, and false imprisonment, the defendant Abraham and Strauss Department Store appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated March 1, 1994, which denied its motion for leave to serve an amended answer interposing the affirmative defense of res judicata and for summary judgment dismissing the complaint on the basis of that defense.

Ordered that the order is affirmed, without costs or disbursements.

While leave to amend a pleading should be freely given *(see,* CPLR 3025 [b]), the decision as to whether to grant such leave is generally left to the sound discretion of the trial court *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942; *Fulford v Baker Perkins, Inc.,* 100 AD2d 861), and its determination will not be lightly set aside *(see, Beuschel v Malm,* 114 AD2d 569). In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom *(see, Caruso v Anpro, Ltd.,* 215 AD2d 713; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557).

In the instant case, the defendant moved to amend its answer in January 1994 to assert the defense of res judicata based upon an order of the United States Bankruptcy Court, Southern District of Ohio, dated January 1991. Despite the three-year delay in moving for leave to amend and even though the plaintiff had undertaken the time and expense of conducting discovery, the defendant failed to offer any explanation for its dilatory motion. In addition, the defendant's motion papers failed to establish that the plaintiff's claim was encompassed by the scope of the Bankruptcy Court's order. Moreover, the defendant failed to submit a copy of its proposed amended answer with the motion for the trial court's review *(see, Goldner Trucking Corp. v Stoll Packing Corp.,* 12 AD2d 639). Accordingly, it cannot be said that the trial court's determination to deny leave to amend was an improvident exercise of discretion *(see, Caruso v Anpro, supra; Moeller v Astor Chocolate Corp.,* 214 AD2d 548; *Olewnik v Bernstein,* 212 AD2d 982; *Rose v Velletri,* 202 AD2d 566).

Under the circumstances of this case, the defendant's reliance on *Corsale v Pantry Pride Supermarket* (197 AD2d 659) is misplaced. Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.