■ Michael R. Leibowitz, Appellant, v Plaza 400 Owners' Corp., Respondent. [641 NYS2d 718] —In an action, *inter alia,* to recover damages for property damage, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Golden, J.), dated April 20, 1995, as denied the branch of his motion which was to amend the complaint to increase his demand for punitive damages, and (2) an order of the same court, also dated April 20, 1995, as denied the branch of his motion which was to amend his complaint to add, *inter alia,* a claim for breach of fiduciary duty.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

A motion for leave to amend a pleading is committed to the broad discretion of the trial court, and the resulting determination will not lightly be set aside (*see, Scott v General Motors Corp.,* 202 AD2d 570; *Napoli v Canada Dry Bottling Co.,* 166 AD2d 696). In this case, the Supreme Court did not improvidently exercise its discretion in denying the branches of the plaintiff's motions which were to amend the complaint.

The proposed amendment which was the subject of the plaintiff's first motion was " 'patently lacking in merit' " (*Kaplansky v Kaplansky,* 212 AD2d 667, 668; *Del Bourgo v 138 Sidelines Corp.,* 208 AD2d 795). As to the second motion, the plaintiff failed to demonstrate a reasonable excuse for the almost seven-year delay in seeking leave to add claims based on new legal theories and transactions which occurred prior to the commencement of this action. His failure to recognize the potential applicability of certain legal theories does not excuse the extensive delay in this case (*see, Napoli v Canada Dry Bottling Co., supra,* at 697). Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.