■ Jeffrey Slavet, as Executor of Holly Ludwig, Deceased, et al., Appellants, v Horton Memorial Hospital et al., Respondents. [643 NYS2d 147] —In an action to recover damages, *inter alia,* for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated February 6, 1995, which denied his motion to renew a prior motion to amend the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On March 26, 1989, the plaintiff's decedent, Holly Ludwig, arrived in an unconscious state at the emergency room of the defendant Horton Memorial Hospital. The defendant Victor B. Nakkache, M.D., performed surgery on her, evacuating an intercerebral hematoma. Subsequently, Dr. Nakkache attempted to, but could not, perform a clipping procedure of the cerebral aneurysm. Ms. Ludwig suffered a stroke, and thereafter, she and her husband, Barry Ludwig, instituted this action against the defendants to recover damages for malpractice and loss of services.

On February 15, 1991, Ms. Ludwig died of cardiac failure. The decedent's attorney moved, *inter alia,* to amend the complaint to assert a cause of action to recover damages for wrongful death. The Supreme Court denied that branch of the motion which was to amend the complaint with leave to renew if certain defects in the proof were corrected. The plaintiff appealed from that order, and it was affirmed by the Appellate Division, Third Department (*Ludwig v Horton Mem. Hosp.,* 189 AD2d 986). Three years after the initial motion, the plaintiff made the instant motion to renew, which was denied by the Supreme Court.

On appeal, the plaintiff argues that the Supreme Court erred because his motion was not barred by laches, and the expert evidence submitted on the motion causally linked the decedent's death and the malpractice.

While leave to amend a pleading "shall be freely given upon

such terms as may be just" (CPLR 3025 [b]), "the decision whether to grant such leave is within the court's sound discretion, to be determined on a case-by-case basis" (*Caruso v Anpro, Ltd.*, 215 AD2d 713). The exercise of that discretion will not be lightly disturbed (*see, e.g., Beuschel v Malm,* 114 AD2d 569). Furthermore, a belated motion for leave to amend will be defeated by a claim of laches where two elements are present: delay, and prejudice to the nonmoving party resulting directly from the delay (*see, e.g., Corsale v Pantry Pride Supermarket,* 197 AD2d 659; *Davidian v County of Nassau,* 175 AD2d 908). In exercising its discretion, the court will consider how long the party seeking amendment was aware of the facts upon which the motion was based and whether a reasonable excuse for the delay was offered (*see, e.g., Caruso v Anpro, Ltd., supra*).

The original order, denying the plaintiff's motion to amend with leave to renew on proper papers and with proof that more fully supported the causal connection between the alleged negligence of the defendants and the death of the decedent, was made by the Supreme Court on October 11, 1991. The plaintiff's excuse for the three-year delay in renewing the motion is belied by the record. Furthermore, the Supreme Court properly determined that the passage of time prejudiced the defendants because during that time, the decedent's husband, a key witness, had died and that the plaintiff had failed to cure the infirmities in his proof as highlighted by the Appellate Division, Third Department. Accordingly, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the motion for leave to amend (*see, e.g., Caruso v Anpro, Ltd., supra*). Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.