■ In the Matter of the Estate of MARIE GOGGINS, Also Known as MARIE V. GOGGINS, Deceased. MARTIN MORAN, Appellant-Respondent; MARK J. LEVY, Respondent-Appellant. [642 NYS2d 924] —In a proceeding pursuant to SCPA 2103 to compel the delivery of the proceeds of a bank account and a promissory note in the principal sum of $50,000, Martin Moran, as Executor of the Estate of Marie Goggins, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated March 20, 1995, as denied his motion for summary judgment. Mark J. Levy cross-appeals from so much of the same order as denied his cross motion for summary judgment dismissing the petition with respect to the claim regarding the $50,000 promissory note.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the petitioner's motion which was for summary judgment in its entirety, and substituting therefor a provision granting the motion only to the extent that the respondent-appellant is directed to (1) deliver $5,821.83 to the petitioner from the subject bank account, and (2) repay the subject promissory note pursuant to its terms; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the matter is remitted to the Surrogate's Court, Westchester County, for further proceedings in accordance herewith; and it is further,

Ordered that the petitioner is awarded one bill of costs payable by the respondent-appellant.

The Surrogate's Court should have granted the petitioner's motion for summary judgment to the extent of directing the respondent-appellant, Mark J. Levy, the decedent's former counsel, to pay to the decedent's estate the amount of $5,821.53 from the subject bank account (*see*, SCPA 2103). The accounting submitted by Levy to the petitioner indicates that at least $5,821.53 is due to the estate. However, with respect to the balance of the bank account, a hearing is necessary to determine what amounts, if any, are still due to the estate.

The court also improperly denied the petitioner's motion for summary judgment with respect to the proceeds of the promissory note executed by Levy in favor of the decedent. Although Levy maintained that the note was orally forgiven by the decedent just prior to her death, the note is governed by the Uniform Commercial Code, which does not permit oral cancellation (*see*, UCC 3-104, 3-605). Moreover, while the UCC does permit a party to be "discharged from his liability on an instrument to another party by any other act or agreement with such party which would discharge his simple contract for the payment of money" (UCC 3-601 [2]), an oral agreement to discharge a debt must be "based upon an executed consideration" (*Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 623). At bar, it is uncontroverted that the decedent never executed any agreement to cancel Levy's obligation under the note. Finally, assuming, arguendo, that the decedent had the requisite donative intent to make a gift of cancellation to Levy, the record established that no delivery, either actual or symbolic, of the cancellation was ever effected by the decedent (*see*, 62 NY Jur 2d, Gifts, §§ 18, 24-26; *Gruen v Gruen*, 68 NY2d 48). Accordingly, Levy is directed to repay the amount of the promissory note pursuant to its terms. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.