■ In the Matter of MARIE GOGGINS, Also Known as MARIE V. GOGGINS, Deceased. MARTIN MORAN, Respondent; MARK J. LEVY, Appellant. [647 NYS2d 804] —In a proceeding pursuant to SCPA 2103 to compel the delivery of the proceeds of a bank account and a promissory note in the principal sum of $50,000, Mark J. Levy appeals (1) from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated July 31, 1995, which denied his motion to amend his answer and, (2) as limited by his brief, from so much of an order of the same court, dated December 5, 1995, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated July 31, 1995, is dismissed as that order was superseded by the order dated December 5, 1995, made upon reargument; and it is further,

Ordered that the order dated December 5, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellant.

Contrary to the appellant's contention, we find that the Surrogate's Court properly denied his motion to amend his answer to assert tort claims against the executor Martin Moran, the executor's wife Agnes Moran, and Margaret Egan. While leave to amend a pleading should be freely given *(see,* CPLR 3025 [b]), the decision as to whether to grant such leave is generally left to the sound discretion of the trial court *(see, Edenwald Constr. Co. v City of New York,* 60 NY2d 957, 959; *Branch v Abraham & Strauss Dept. Store,* 220 AD2d 474). In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom *(see, Branch v Abraham & Strauss Dept. Store, supra; Caruso v Anpro, Ltd.,* 215 AD2d 713). At bar, given the appellant's lengthy and unexplained delay in moving to amend his answer to assert facts known to him from the start of this litigation, the Surrogate did not improvidently exercise his discretion in denying the appellant's motion. We further note that on a prior appeal, this court directed the appellant to repay the promissory note to the decedent's estate which was the primary object of this proceeding *(Matter of Goggins,* 227 AD2d 481), and that the Surrogate's denial of the appellant's motion to amend his answer was without prejudice to the commencement of a tort action in the Supreme Court.

We have reviewed the parties' remaining contentions and find that they are without merit. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.