(October 28, 1996)

■ LEON ALLEN et al., Plaintiffs, v DWIGHT C. BLUM et al., Defendants. (Action No. 1.) LEON ALLEN et al., Respondents, v BRIAN PECHASKA et al., Appellants, et al., Defendants. (And a Third-Party Action.) (Action No. 2.) [649 NYS2d 162] —In two related actions to recover damages for personal injuries, etc., Brian Pechaska, as President of New York Coca Cola Distributors Association, and New York Coca Cola Distributors Association, defendants in Action No. 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), entered July 14, 1995, as denied the branch of their motion which was for summary judgment dismissing the complaint in Action No. 2 insofar as it was premised upon their vicarious liability pursuant to Vehicle and Traffic Law § 388.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as it was premised upon the appellants' vicarious liability pursuant to Vehicle and Traffic Law § 388 is granted,

the complaint in Action No. 2 is dismissed insofar as asserted against them, and the action against the remaining defendants in Action No. 2 is severed.

The plaintiff Leon Allen, an employee of Coca Cola Bottling Company of New York (hereinafter Coca Cola Bottling), was injured on April 1, 1987, as he was putting a service van into the garage for the night and encountered some tires which were blocking his path. Allen put the van into park, and got out to move the tires out of the way. He noticed the van start to move. As he ran towards the van and attempted to stop it, he was injured.

The record establishes that, prior to the date of the accident, on February 19, 1987, the transmission of the service van required replacement. Allen, with the assistance of his supervisor, Michael Parise, who was also employed by Coca Cola Bottling, completed the installation of a used, replacement transmission on February 26, 1987. The plaintiffs commenced this action against, among others, the defendants Brian Pechaska, as President of New York Coca Cola Distributors Association, and New York Coca Cola Distributors Association, as owner of the service van (hereinafter the appellants) to recover damages, *inter alia,* for negligence in failing to properly maintain the service van by installing a defective transmission. The appellants moved for summary judgment dismissing the complaint on the ground that benefits under the Workers' Compensation Law were the plaintiffs' exclusive remedy. The Supreme Court granted the motion to the extent that the complaint was based on the appellants' active negligence but denied the motion to the extent that the complaint was based on the appellants' vicarious liability under Vehicle and Traffic Law § 388. The court erred in not granting the defendants' motion in its entirety.

Inasmuch as Parise and Coca Cola Bottling are statutorily immune from suit, as a result of the "exclusive remedy" provision of Workers' Compensation Law § 29 (6), the appellants cannot be held vicariously liable as owners of the service van *(see, Kenny v Bacolo,* 61 NY2d 642, 645; *Christiansen v Silver Lake Contr. Corp.,* 188 AD2d 507, 508; *Jaglall v Supreme Petroleum Co.,* 185 AD2d 971, 972; *Samba v Delligard,* 116 AD2d 563, 564; *Trizzino v Mildank Taxi Corp.,* 128 AD2d 607, 608; *Ulysse v Nelsk Taxi,* 135 AD2d 528, 530). Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.