■ EDP Medical Computer Systems, Inc., Appellant, v Sears, Roebuck and Co., Respondent. [680 NYS2d 644] —In an

action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated May 2, 1997, as denied that branch of its motion which was to amend the verified complaint to increase the ad damnum clause with respect to the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that an application for leave to amend a pleading is addressed to the discretion of the trial court, and that court's determination will not lightly be set aside (*see, Sherman v Claire Mfg. Co.,* 239 AD2d 487; *Leibowitz v Plaza 400 Owners' Corp.,* 226 AD2d 681; *Beuschel v Malm,* 114 AD2d 569). Here, the motion to amend was made some 14 years after the commencement of the action and sought to increase the ad damnum clause of the first cause of action from $2,500,000 to $16,140,234. Moreover, the proposed amendment would have permitted the plaintiff to recover damages under the first cause of action based on claims arising from a separate contract that was the basis of the third cause of action which was dismissed in 1987 (*see, EDP Med. Computer Sys. v Sears, Roebuck & Co.,* 149 AD2d 563). Inasmuch as we agree with the Supreme Court that the proposed amendment is patently lacking in merit and that the motion to amend was inordinately and unreasonably delayed, we discern no improvident exercise of discretion in the denial of that branch of the appellant's motion which was to amend the ad damnum clause of the first cause of action (*see, e.g., Leibowitz v Plaza 400 Owners' Corp.,* 226 AD2d 681, *supra; Caruso v Anpro, Ltd.,* 215 AD2d 713; *Posner v Central Synagogue,* 202 AD2d 284; *Scott v General Motors Corp.,* 202 AD2d 570). Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.