■ CHRISTOPHER SIDOR, Respondent, v JOSEPH ZUHOSKI et al., Appellants, and COLIN VAN TUYL, Defendant and Third-Party Plaintiff-Appellant. MARTIN SIDOR & SONS, INC., Third-Party Defendant-Respondent. (Action No. 1.) COLIN VAN TUYL et al., Appellants, v GREGORY ZUHOSKI et al., Defendants, and MARTIN SIDOR & SONS, INC., Respondent. (Action No. 2.) [683 NYS2d 590] —In an action, *inter alia,* to recover damages for personal injuries (Action No. 1) and a related action, *inter alia,* to recover damages for wrongful death (Action No. 2), Joseph Zuhoski and Gregory Zuhoski appeal from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated September 30, 1997, as denied their motion for summary judgment dismissing the complaint in Action No. 1, and Colin Van Tuyl, as Executor of the Estate of Janet A. Van Tuyl, the defendant third-party plaintiff in Action No. 1 and a plaintiff in Action No. 2, and Brianna Van Tuyl and Colin Van Tuyl, individually, the plaintiffs in Action No. 2, separately appeal from so much of the same order as (1) denied the Zuhoskis' motion in Action No. 1, and (2) granted that branch of the motion of Martin Sidor & Sons, Inc., a defendant in Action No. 2, to amend its answer in Action No. 2.

Ordered that the appeal by Brianna Van Tuyl and Colin Van Tuyl, individually, from so much of the order as denied the Zuhoskis' motion to dismiss the complaint in Action No. 1 is dismissed, as they are not aggrieved by that part of the order; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

While leave to amend a pleading should be freely given (*see,* CPLR 3025 [b]), the decision as to whether to grant leave is generally left to the sound discretion of the trial court (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Liebowitz v Plaza 400 Owners' Corp.,* 226 AD2d 681, 682; *Felix v Lettre,* 204 AD2d 679, 680; *Fulford v Baker Perkins, Inc.,* 100 AD2d 861), and its determination will not be lightly set aside (*see, Branch v Abraham & Strauss Dept. Store,* 220 AD2d 474, 475; *Beuschel v Malm,* 114 AD2d 569). In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom (*see, Caruso v Anpro,*

*Ltd.*, 215 AD2d 713; *Pellegrino v New York City Tr. Auth.*, 177 AD2d 554, 557). A proposed amendment that creates prejudice or surprise to the opposing party should not be permitted (*see, Corsale v Pantry Pride Supermarket,* 197 AD2d 659, 660). In addition, the court must examine the underlying merit of the proposed amendment since to do otherwise would be a waste of judicial resources (*see, McKiernan v McKiernan,* 207 AD2d 825). Under the circumstances of this case, the failure of Martin Sidor & Sons, Inc., to deny the allegations contained in Paragraph No. 13 of the complaint in Action No. 2 was an inadvertent mistake and, therefore, the court did not improvidently exercise its discretion in granting its motion for leave to amend its answer.

Because there is an issue of fact as to the status of the appellant Gregory Zuhoski's employment at the time of the accident and whether he was acting within the scope of his employment at that time, the court properly denied the Zuhoskis' motion for summary judgment (*see,* Workers' Compensation Law § 29 [6]; *Naso v Lafata,* 4 NY2d 585, 589; *Jaglall v Supreme Petroleum Co.,* 185 AD2d 971, 972).

In light of the above findings, we need not reach the Zuhoskis' remaining contention. Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.