■ ELIZABETH HALLER, Respondent, v ANTHONY LOPANE et al., Appellants. [757 NYS2d 899] —In an action to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), dated August 1, 2002, which denied their motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (4).

■ ELIZABETH HALLER, Appellant, v ANTHONY LOPANE et al., Respondents. [759 NYS2d 504] —In an action for payment on a promissory note, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated May 1, 2002, which denied her motion pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in September 1999

against her son-in-law, Anthony Lopane, individually, and as the administrator of her daughter's estate, seeking payment on a promissory note executed in 1989 in the amount of $235,000 plus interest. In his answer to the complaint dated October 1999, Lopane averred, inter alia, that he did not sign the promissory note and that the signature which appeared on the note was not genuine, and denied that he ever borrowed money from the plaintiff. Lopane subsequently testified at his deposition in January 2001 that he never received any loan from the plaintiff, that he never signed the subject note, and that his wife regularly signed the couple's personal financial documents.

In April 2001 the case was certified and scheduled for trial commencing on December 11, 2001. By notice dated December 17, 2001, the plaintiff moved for leave to amend the complaint to add eight new causes of action sounding in fraud based on the allegations in Lopane's October 1999 answer and January 2001 deposition. The court denied the motion, finding that it was "procedurally defective" in that the plaintiff failed to attach a copy of the complaint and proposed amended complaint to the motion, and that the plaintiff's delay in seeking leave to amend the complaint was inexcusable, noting that the motion was made on the eve of trial and almost one year after Lopane's deposition. The court further found that the plaintiff was made aware by Lopane's October 1999 answer that the genuineness of the signatures was an issue, and that the plaintiff failed to offer a satisfactory explanation for her delay in making the motion, thereby causing prejudice to Lopane. We affirm.

While leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), the decision as to whether to grant such leave is generally left to the sound discretion of the trial court (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942 [1987]; *Fulford v Baker Perkins,* 100 AD2d 861 [1984]), and its determination will not be lightly set aside (*see Beuschel v Malm,* 114 AD2d 569 [1985]). In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom (*see Caruso v Anpro, Ltd.,* 215 AD2d 713 [1995]; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557 [1991]).

The plaintiff moved for leave to amend her complaint on the eve of trial to assert eight causes of action sounding in fraud. She was first made aware of the alleged invalidity of Lopane's

signature with the interposition of his answer in October 1999. Thereafter, the plaintiff searched the records of both the Westchester County Clerk and Surrogate to find examples of Lopane's signature to use as exhibits at his January 2001 examination before trial. Upon making the motion on the eve of trial, and almost one year later, in December 2001, the plaintiff offered, as her excuse for the delay, that she only recently became aware of the fraud and that she could not, with reasonable diligence, have discovered it earlier. Based on these facts, the trial court correctly considered how long the plaintiff was aware of the facts upon which the motion was predicated and properly considered whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom (*see Caruso v Anpro, Ltd., supra*). Moreover, the plaintiff failed to submit a copy of her proposed amended complaint with the motion for the trial court's review (*see Branch v Abraham & Strauss Dept. Store,* 220 AD2d 474 [1995]). Accordingly, it cannot be said that the trial court's denial of leave to amend was an improvident exercise of discretion (*see Caruso v Anpro, Ltd., supra; Moeller v Astor Chocolate Corp.,* 214 AD2d 548 [1995]). Luciano, J.P., Adams, Townes and Mastro, JJ., concur.