■ SANDRA L. POSTMA et al., Respondents, v STC BUS TRANSPORTATION CORP., Appellant, MIGUEL TORRES et al., Respondents, et al., Defendants. [761 NYS2d 81] —In an action to recover damages for personal injuries and wrongful death, etc., the defendant STC Bus Transportation Corp. appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Aliotta, J.), dated June 28, 2002, which, inter alia, denied those branches of its cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against the appellant and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Freddy Postma (hereinafter the decedent), an employee of the defendant Selby Transportation Corp. (hereinafter Selby Transportation), was struck and killed by a bus driven by the defendant Miguel Torres. The decedent's wife subsequently commenced this action both individually and as administratrix

of the estate against Torres, Selby Transportation, STC Bus Transportation Corp. (hereinafter STC Bus), the owner of the bus, 514 East 134th Street Realty, the owner of the garage where the accident occurred, and STC Transportation Corp., the company paying the lease for that building.

STC Bus cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied those branches of the cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We modify the order by granting those branches of the cross motion.

Contrary to the plaintiffs' contentions, the record establishes that both the decedent and Miguel Torres were employed solely by Selby Transportation, and that the plaintiff was awarded workers' compensation benefits for the decedent's injuries. Under such circumstances, both Torres and Selby Transportation are immune from suit under the exclusive remedy provision of the Workers' Compensation Law (see e.g. Diaz v Rosbrock Assoc. Ltd. Partnership, 298 AD2d 547 [2002]). To the extent that the plaintiffs seek to impose liability on STC Bus based on its ownership of the vehicle involved in the accident, STC Bus is likewise immune from suit (see Allen v Blum, 232 AD2d 591 [1996]; Jaglall v Supreme Petroleum Co. of N.J., 185 AD2d 971 [1992]; Trizzino v Mildank Taxi Corp., 128 AD2d 607 [1987]). Moreover, STC Bus cannot be held liable for negligently hiring an independent contractor because it allegedly had notice of a dangerous condition at Selby Transportation's garage. Although this Court may consider that argument for the first time on appeal (see Matter of Cooke v City of Long Beach, 247 AD2d 538 [1998]; cf. Rotundo v S & C Magnetic Resonance Imaging, 255 AD2d 573 [1998]), the argument is without merit. Since the decedent himself created the dangerous condition of which STC Bus was allegedly aware, STC Bus cannot be held liable (see McIntyre v Beaver Dam Winter Sports Club, 163 AD2d 277 [1990]). Accordingly, the Supreme Court erred in denying those branches of STC Bus's cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In light of the foregoing, we need not reach the parties' remaining contentions. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.